## *Ex parte* BRADLEY:

Where the plaintiff in error is sole counsel in his own case, and while on his way to the court, having started in due time, was injured in his person by an accident without fault on his part, in consequence of which he could not, and did not, arrive until after his case was reached on the docket, and dismissed for the want of prosecution, the case, upon motion afterwards made during the same term and supported by a strict showing of all the facts on oath, will be reinstated and continued, the bodily injury and the disability resulting therefrom being, under all the circumstances, providential cause.

Practice in the Supreme Court. Dismissal and reinstatement. Providential cause. Before the Supreme Court. September Term, 1879.

Reported in the opinion.

A. ALPEORIA BRADLEY, in *propria persona*, for plaintiff in error.

No appearance for defendant.

BLECKLEY, Justice.

The plaintiff in error, a licensed attorney formerly authorized to practice law in the superior courts of this state, was removed by the superior court of Chatham county. Code, § 420, *et seq*. Afterwards, he moved in the same court to set aside the judgment of removal, and the motion being denied, he brought a writ of error to this court. On the record here he was his own counsel, and the sole counsel. When the case was reached in its order on the docket, there was no appearance, and for that reason the writ of error was dismissed. Later in the term, and some time after all the cases from the Eastern circuit had been disposed of, he came forward in person, and moved the court to reinstate the writ of error; showing for cause, by his own affidavit, that he left his home, in the town of Beaufort, state of South Carolina, on or about the 11th day of December, 1879, with the intent and for the purpose of attending this court to prosecute his case; that he started in due time to have reached here before the call of the case; that while upon his journey, on board a steamboat (*Pilot Boy* by name), between Beaufort and Charleston, he had, without negligence on his part, an accident to one of his ankles, by which the ankle was dislocated or sprained, or some of the small bones broken, and in consequence of which he was, until about the 11th day of January, 1880, unable to walk without great bodily pain and danger to his life; that at Charleston he was helped off of the steamer, and after remaining there a week, was carried by rail to Akin, where he suffered severely; and that he left Augusta for Atlanta about the 13th of January. His motion to re-instate was made shortly after his arrival here. On looking to the

entry upon the minutes, we find that his case was called and dismissed on the 27th of December. The circuit to which it belonged was reached on the 18th of December, and concluded on the 6th of January.

The showing seems strict, and is satisfactory. Providential cause, and that alone, appears to have hindered the plaintiff's attendance in due time. Such cause is, under the constitution, a ground for, continuance ; and where it exists, and there is no default in not moving for a continuance on the call of the case, and an order is passed to dismiss for want of prosecution, the continuance, we think, can still be had by re-instating the writ of error on motion, if the motion is made during the same term, and supported by a strict showing. No question arises here as to notice of the motion, the case being *ex parte.*

Let the writ of error be re-instated on the docket, and stand continued.

Ordered accordingly.