## ANDERSON, administrator, *v.* SEIFERT.

Even if section 3509 of the Civil Code authorizes an ordinary to grant a final discharge to a temporary administrator, this can not be lawfully done until after the citation thereby required has been duly published for three months.

Argued February 4,—Decided March 1, 1901.

Complaint. Before Judge Nottingham. City court of Macon. January 8, 1900.

*Thomas B. West* and *Lane & Park*, for plaintiff.
*Marion W. Harris*, for defendant.

LUMPKIN, P. J. On December 16, 1896, A. E. Seifert died in Bibb county, possessed of an estate consisting exclusively of personal property. Shortly thereafter his widow, Mrs. A. C. Seifert, was appointed temporary administratrix of his estate. She proceeded not only to collect all the assets thereof, but also to make a final distribution of the same. After so doing, she made a return to the court of ordinary of Bibb county, and, upon a petition presented by herself, obtained an order purporting to finally discharge her from her trust as administratrix. Some years thereafter, James L. Anderson was appointed permanent administrator, and, as such,

brought an action against Mrs. Seifert, the purpose of which was to compel an accounting and settlement by her with respect to the assets of the estate which had come into her hands as temporary administratrix. The case came on for trial, and, after the plaintiff had closed his evidence, counsel for Mrs. Seifert moved for a nonsuit, which was granted. To this Anderson excepted. In view of the evidence appearing in the record, the question upon which the case turns is whether or not Mrs. Seifert was, by the above-mentioned order purporting to discharge her fully and finally from the trust which devolved upon her as temporary administratrix, protected from liability to account to the permanent administrator.

Counsel for the plaintiff in error insisted that there was no law authorizing the ordinary to grant to a temporary administrator a final discharge. In reply, it was contended by counsel for the defendant in error that section 3509 of the Civil Code conferred upon the ordinary power to grant such a discharge. That section reads as follows: "An administrator who has fully discharged all his duties may petition the ordinary to pass an order discharging him from his trust; upon such petition a citation shall issue, requiring all persons concerned to show cause against the granting of the discharge. Such citation shall be published in the gazette for three months." Without undertaking now to decide which of these contentions is well founded, suffice it to say we are quite sure that even if the section relied on authorizes the ordinary to grant a final discharge to a temporary administrator, the ordinary can in no instance lawfully do so unless he complies with the provisions of that section relating to the issuing and publication of the citation therein mentioned, "requiring all persons concerned to show cause against the granting of the discharge." The law distinctly declares that "such citation shall be published in the gazette for three months." Unless this indispensable requirement is complied with, no discharge purporting to have been granted by the ordinary under and by virtue of this section of the code can be valid. Mrs. Seifert's application for a discharge was presented on the 11th day of March, 1897. The order of discharge was granted May 6, 1897. It is apparent at a glance that if a citation was issued at all, it could not possibly have been published for the requisite period of three months.

*Judgment reversed. All concurring, except Simmons, C. J., absent.*