## RUDOLPH WURLITZER COMPANY *v.* JACKSON.

The office of an injunction is to restrain and not to compel the performance of an act; and it was error for the court below, upon the interlocutory hearing of an equitable petition seeking ·specific performance and injunction, to order the delivery by defendant of the personal property in controversy to the petitioner, such an order being in legal effect a mandatory injunction.

APRIL 15, 1910.

Injunction. Before Judge Bell. Fulton superior court. October 2, 1909.

J. S. Jackson sued the Rudolph Wurlitzer Co., alleging, that the defendant company was a corporation of the State of New York, having an office and agent in Atlanta, Georgia; that he purchased from the defendant a certain cylinder organ to be used in connection with a "merry-go-round" for the sum of $600, on the following terms: cash $100, an old organ valued at $100, and the balance in eight monthly instalments of $50 each, and, in the event of any delay in the arrival of the new organ, the defendant was to furnish petitioner an organ free of rent until the one purchased should be delivered; that the plaintiff rented space, paid the license, and put in all machinery preparatory to opening a "merry-go-round" on Jackson street on the arrival of the organ; that the organ arrived in Atlanta by the Southern Express Company with charges c. o. d.; that the defendant would not deliver the organ to petitioner except upon payment of $500 in addition to the $200 already paid, which was $100 in excess of the purchase-price, as well as contrary to the instalment contract as above stated; that petitioner had been damaged $200 by reason of defendant's refusal to deliver the organ; that he was in daily need of the organ, and could not operate his "merry-go-round" without it; that the defendant was a non-resident having no property within the jurisdiction of the court other than the organ in question. He prayed: that the express company be made a party, and be enjoined from delivering the organ to any one

except by order of the court; that the selling company be enjoined from selling the organ or altering its status; that it be required to deliver the organ at once to petitioner in accordance with the instalment agreement; that petitioner have judgment against defendant in the sum of $424, to cover actual and punitive damages; and that process issue, etc.

The Rudolph Wurlitzer Company answered that it did not have any agent or office in the City of Atlanta; and it denied that the plaintiff ever purchased from it any organ, and that it ever promised to sell him an organ either for cash or on the instalment plan, or that it promised to furnish him an organ free of rent. It further answered, that it had shipped an organ of the kind described to Walter W. Fox, at Atlanta, charges c. o. d.; but that Fox was not the agent of the defendant or authorized to bind defendant by any contract or agreement, but he was merely a dealer in musical instruments, and sold the goods of defendant.

On the interlocutory hearing the court passed an order adjudging that Jackson was entitled to the delivery and possession of the organ upon his giving the notes, as set out in his alleged instalment contract, and giving a $1,000 bond to indemnify the express company and a like bond to indemnify the defendant against loss by reason of such delivery. To this ruling the defendant excepted.

*Mayson & Johnson,* for plaintiff in error.

*F. M. Hughes,* contra.

BECK, J. (After stating the foregoing facts.) The only office of an injunction is to restrain; it can not compel a party to perform an act. Civil Code, § 4922. Full and unqualified recognition of this principle is to be found in numerous decisions of this court. The effect of the interlocutory injunction granted in this case, and to which exceptions are taken by the plaintiff in error, violates this well-established principle of our law. In effect, it directs the defendant to deliver the personal property in controversy to the plaintiff in the equitable petition brought in the court below, seeking specific performance, a recovery of damages, and injunction. It is contended in the brief of counsel for defendant in error that the only effect of the interlocutory order granted in the case was to preserve the status quo. Such a position is obviously untenable, in the face of the plain terms of the court's order, which, while it does not order the defendant, Rudolph Wurlitzer Company, or the

Southern Express Company to deliver the possession of the organ in question, does adjudge that the plaintiff, J. S. Jackson, is entitled to the delivery and possession of the organ in question upon his giving certain notes for a specified sum and executing a bond conditioned "to indemnify the Southern Express Company against any loss they might sustain by virtue of the delivery of the organ to the plaintiff," and a like bond to indemnify the Rudolph Wurlitzer Company. The language of the order is in effect a command by the court, requiring the defendants to perform an act,—that is, to deliver the property in controversy to the plaintiff upon his giving certain bonds. We do not think that our law contemplates the granting of such an order as this in any case, as will appear from the reading of numerous decisions by this court where similar questions are involved.

Other grounds are urged as reasons for setting aside the order complained of in this case, but it is unnecessary to consider them, inasmuch as the judgment of the court below is reversed on the ground that it was without authority to grant an interlocutory injunction mandatory in its nature.

*Judgment reversed. All the Justices concur.*