## DEKLE et al. v. McLEOD.

1. Where a temporary administrator for an estate was appointed, and applied for appointment as permanent administrator, but a caveat was filed and another was appointed, and an appeal was entered from the judg-

19

ment, the temporary administrator remained such, and it was not competent for the ordinary by ex parte order, on a petition presented, to appoint an administrator pendente lite in lieu of the temporary administrator.

2. Where real and personal property were in possession of one claiming the right to hold it as an administrator pendente lite, a previously appointed temporary administrator could not oust the person so in possession and obtain possession himself, by means of an interlocutory injunction.

NOVEMBER 12, 1915.

Injunction. Before Judge Thomas. Thomas superior court. January 29, 1915.

Willie L. McLeod, as temporary administrator of the estate of his father, Dawson McLeod, deceased, filed his petition against Lebbeus Dekle and Hattie McLeod, to enjoin them from holding further certain real and personal property of which it was alleged that the defendants wrongfully had possession. The defendants answered, that the plaintiff had applied for permanent letters of administration; that Hattie McLeod, the wife of the deceased, entered a caveat and asked to be appointed administrator in his stead; that this was done, but the plaintiff appealed to the superior court; and that on petition the ordinary appointed Lebbeus Dekle administrator pendente lite; and he had the right to hold the property. It appeared that Hattie McLeod presented a petition to the ordinary, reciting the fact of the application, caveat, judgment and appeal, alleging mismanagement by the temporary administrator, and asking the appointment of Dekle as administrator pendente lite. Upon this was an entry by the ordinary, "Read and considered," and Dekle was appointed administrator pendente lite and directed to give bond. The presiding judge granted an interlocutory injunction, and exception was taken.

*Titus, Dekle & Hopkins,* for plaintiffs in error.

*Snodgrass & MacIntyre* and *J. H. Merrill,* contra.

LUMPKIN, J. (After stating the foregoing facts.)

1. The appointment of a temporary administrator normally continues effective until permanent letters are granted. Civil Code (1910), § 3935. An appeal may be taken from the appointment of a permanent administrator. Civil Code (1910), § 4999. One was taken in this case, and it is treated as regularly done. Apparently this left the temporary administrator to act as such. *Gresham* v. *Pyron,* 17 *Ga.* 263. The general right to appoint a

temporary administrator does not include the right to oust one and appoint another on ex parte order, on mere presentation of a petition. *Anderson* v. *Seifert*, 112 *Ga.* 912 (38 S. E. 346).

2. It is not the function of an interlocutory injunction to oust one person from adverse possession of realty and personalty, and cause such possession to be delivered to another. This is mandatory. Civil Code (1910), § 5499. The case of *Mackenzie* v. *Minis*, 132 *Ga.* 323 (63 S. E. 900, 23 L. R. A. (N. S.) 1003, 16 Ann. Cas. 723), where the relation of master and servant or employer and employee was involved, does not apply to facts like those in this case. Whatever may be the remedy for the recovery of the property, this can not be accomplished by interlocutory injunction.

*Judgment reversed. All the Justices concur, except Beck, J., absent.*