LEXINGTON PRESBYTERIAN CHURCH *et al.* v. REID *et al.*

The Supreme Court is without jurisdiction of this case, which is an action for damages for breach of contract.

AUGUST 18, 1917.

Writ of error from Fulton superior court.

The Lexington Presbyterian Church, through its authorized elders and trustees, brought an action in the superior court of Fulton County against William W. Reid of that county, and H. C. Lorick and Howard H. Stafford of Richmond County. So much of the petition as is necessary for present consideration is this: The Empire Life Insurance Company is a domestic corporation with its home office established by its charter at Atlanta, Fulton County. The defendants are stockholders in the corporation, and the petitioner also owns twelve and one half shares of its stock, which it secured in exchange for certain income certificates which had been issued to petitioner by the corporation, and which petitioner had surrendered upon receipt of such stock. The defendants desired the removal of the home office of the corporation from Atlanta, Fulton County, to Augusta, Richmond County. At a regular meeting of the stockholders of the corporation, held at its home office on October 29, 1912, a resolution was offered to have the charter of the corporation amended by making Augusta in-

15

stead of Atlanta its home office. All of the stockholders, except the duly and legally constituted representative of the petitioner, voted in favor of the resolution, but petitioner's representative voted against it; whereupon defendants made a proposition to petitioner's representative, that, if he would vote petitioner's stock in favor of the resolution, defendants would purchase petitioner's stock. Petitioner's representative accepted the proposition so made, and, upon a reconsideration of the resolution at such meeting of the stockholders, voted for it; and thereupon, in accordance with the agreement between defendants and petitioner's representative, the following contract was executed: "October 29, 1912. We hereby agree, in case Empire Life Insurance Company is moved to Augusta, that we will buy the stock held by him [meaning said Joel Cloud] as agent for the trustees of the Lexington Presbyterian Church, and pay therefor the original price paid for the certificates which were exchanged for stock, and whatever dividend is declared in January." (Signed by each of the defendants.)

The petition proceeded: "13. Petitioner has repeatedly endeavored to have defendants carry out the terms of said contract as agreed upon, but defendants fail and refuse to comply with their said agreement. 14. In so far as the corporate action said Empire Life Insurance Company to that effect was possible, the said amendment was accepted and said removal was accomplished. . . Contracts for sale of large amounts of stock were made with citizens of Augusta, Georgia, and agreements entered into by which the investment of a large amount of money in an office building in Augusta was entered upon and begun. Petitioner avers that in fact and in law the removal of said Empire Life Insurance Company from Atlanta to Augusta was made; but that, even if the actual physical removal has not been completed, that defendants are estopped from making any such contention. 15. The affairs of said Empire Life Insurance Company are now in the hands of the Insurance Commissioner of the State of Georgia, for the purpose of liquidation, and said stock is valueless. 16. Petitioner does not know what amount of dividend was declared in January, 1913; but petitioner avers that defendants, by their refusal to carry out their contract, have damaged petitioner in the amount paid for the original income certificates and the amount of said dividend, and that the refusal of defendants to carry out their

said contract have made them liable to petitioner in the sum of $1500." The prayers of the petition are for process, for second originals for defendants Lorick and Stafford in Richmond County, and: "(3) That petitioner have a decree against the defendants, requiring them to carry out with petitioner the terms of their said contract in accordance with the letter and spirit thereof. (4) That petitioner have judgment against defendants for the amount of $1500, or such amount as defendants have damaged petitioner by reason of their failure to carry out their contract as aforesaid. (5) For such other and further relief as petitioner may in law or equity be entitled to receive." Upon the trial a nonsuit was granted and the case dismissed, and the plaintiff excepted.

*Joel Cloud* and *Colquitt & Conyers,* for plaintiffs.

FISH, C. J. (After stating the foregoing facts.) The first question which presents itself is whether the Supreme Court has jurisdiction to review the judgment rendered in this case. We are quite clear that it has not. The action is one for the recovery of damages for the breach of a written contract set out in the petition. The bill of exceptions characterizes the suit as "an action for breach of contract." In paragraph sixteen of the petition hereinbefore quoted, it is alleged that the defendants, by their refusal to carry out their contract, have damaged petitioner as there set forth. It is true that one of the prayers of the petition is for a decree requiring defendants to carry out "the terms of their said contract." The only term of the defendants' contract which they could be required to carry out is their obligation to pay the agreed purchase-price of the petitioner's stock sold to them; and no way occurs to us to force the defendants to comply with such term, except by judgment against them to be enforced by execution.

Under the last constitutional amendment fixing the jurisdiction of the Supreme Court (See Acts 1916, p. 19, 18 *Ga. App.* 789) "The Supreme Court shall have no original jurisdiction, but shall be a court alone for the trial and correction of errors of law from the superior courts, and the city courts of Atlanta and Savannah, and such other like courts as have been or may hereafter be established in other cities, in all cases that involve the construction of the constitution of the State of Georgia or of the United States, or of treaties between the United States and foreign governments; in all cases in which the constitutionality of any law of the State

of Georgia or of the United States is drawn in question; and, until otherwise provided by law, in all cases respecting title to land; in all equity cases; in all cases which involve the validity of, or the construction of wills; in all cases of conviction of a capital felony; in all habeas-corpus cases; in all cases involving extraordinary remedies; in all divorce and alimony cases, and in all cases certified to it by the Court of Appeals for its determination." · In view of this constitutional provision it is clear, as already said, that the Supreme Court'has no jurisdiction to review the judgment complained of. It follows that the case must be transferred to the Court of Appeals, which under the constitution has jurisdiction of it; and direction is so given.  *All the Justices concur.*