## SIMPSON *v.* McMILLAN.

Where there was a suit upon a promissory note given for the purchase-price of certain machinery, and the defendant pleaded failure of consideration and certain matters by way of recoupment, and a verdict was rendered for the plaintiff, the Court of Appeals of this State, and not this court, has jurisdiction of the case on appeal. The prayer for cancellation of the note sued on was not pertinent to the defense, and can not have the effect of converting the suit into an equitable cause cognizable by this court on appeal.

No. 1621. APRIL 15, 1920.

Complaint. Before Judge Morris. Cobb superior court. July 25, 1919.

G. W. McMillan brought suit upon a promissory note against M. M. Simpson. The defendant filed his plea and answer, and set up as a defense to the suit that the promissory note sued on, together with another note for a stated amount, had been given

for the purchase-price of a cotton-gin, a cotton-press, and certain other machinery. The note first falling due had been paid. The defendant pleaded failure of consideration, alleging that the machinery was not adapted to the purposes intended, that the plaintiff at the time of the sale knew this, and that he had induced the defendant, by certain fraudulent representations as to the value of the machinery, etc., to make the purchase and give the notes, one of which is now sued on. The defendant also pleaded certain matters by way of recoupment. The plea of recoupment was stricken, but the demurrer filed by the plaintiff to the plea of failure of consideration was overruled. Upon the trial the jury returned a verdict for the plaintiff for the amount sued for. A motion for a new trial was made by the defendant, which was overruled, and defendant excepted and brought the case to this court for review.

*Neufville & Neufville,* for plaintiff in error.

*Abbott & Wallace,* contra.

BECK, P. J. (After stating the foregoing facts.) This court is without jurisdiction to entertain this writ of error, and it must be transferred to the Court of Appeals. This was merely a suit upon a promissory note, and a plea of failure of consideration. The defenses are altogether legal in nature; the fraud alleged could be shown in defense to the note in a common-law action. The defense is not equitable in its nature. The mere fact that the defendant, after setting up matters cognizable in a court of law as defense, adds a prayer that the note be canceled, will not give this court jurisdiction on the ground that this is a case in equity. Appropriate matters of defense are pleaded to defeat the collection of the note. The cancellation of the note sued on was not necessary to a complete defense. Parties can not by a mere prayer for cancellation, under the circumstances here shown, divest the Court of Appeals of jurisdiction and confer jurisdiction upon this court. The case will therefore be transferred to the Court of Appeals.

*All the Justices concur, except Gilbert, J., absent for providential cause.*