GUTHRIE *et al.* v. CLYATT, commissioner, *et al.*

PER CURIAM. 1. Properly construed, the order of the court granting an interlocutory injunction restrains the defendant from interfering with the proper officers in enforcing the tick-eradication law, and as such is neither final nor mandatory in character.

2. When property has been placed in custodia legis, and the owner wrongfully takes such property from the court's custodian, an order directing the owner to return the same to the court's custodian does not offend our statute prohibiting the grant of mandatory injunctions.

3. Where an assignment of error on the grant of a temporary injunction is that the injunction is mandatory, when such injunction as a whole is not of that character, and such assignment of error does not point out in what respect the same is mandatory, such assignment does not properly present any question for decision by this court.

4. The court did not err in granting an interlocutory injunction in this case.

        *Judgment affirmed. All the Justices concur, except*

HILL, J., dissenting. A portion of the temporary restraining order and also of the interlocutory injunction was not only mandatory, but final in its nature, and was therefore void. Civil Code (1910), § 5499; and see *Kerr* v. *Black*, 137 *Ga.* 832 (74 S. E. 535); *Dekle* v. *McLeod*, 144

*Ga.* 289 (2) (86 S. E. 1082) ; *Rudolph Wurlitzer Company* v. *Jackson,* 134 *Ga.* 333 (67 S. E. 879). There is enough in the bill of exceptions containing the court's order to enable the court to ascertain what part of the injunction complained of was mandatory. Civil Code (1910), § 6183. See *Kirkland* v. *A., B. & A. Ry. Co.,* 126 *Ga.* 246 (55 S. E. 23) ; *Patterson* v. *Beck,* 133 *Ga.* 701, 703 (66 S. E. 911) ; *Cook* v. *Hendricks,* 146 *Ga.* 63 (90 S. E. 383) ; *Anderson* v. *Newton,* 123 *Ga.* 512 (51 S. E. 508).

No. 3023. NOVEMBER 15, 1922.

Injunction. Before Judge Thomas. Berrien superior court. November 5, 1921.

The commissioners of roads and revenues, the sheriff and deputy sheriff, and the coroner of Berrien County brought a petition against Guthrie et al., the object of which was to stop further obstruction of enforcement of the cattle-tick-eradication law. Ga. L. 1918, p. 256; Park's Code Supp. §§ 2084(d)-2084(h). The prayer was: that the clerks of the superior and city courts of that county be enjoined from filing and docketing possessory warrants, trover actions, or other proceedings directed against any person in charge of the enforcement of the tick-eradication law, except as intervenors or parties to this bill; that Guthrie and his agents, servants, and employees be required, under proper order, to re-impound instanter, at Guthrie's expense, certain of his cattle that had been impounded and of which he had retaken possession from the custody of the sheriff, deputy sheriff, and coroner, and be re-strained and enjoined from possessing or attempting to possess said cattle after being so reimpounded; that the sheriff and his deputies be directed to superintend the carrying into effect of such reim-pounding order; and that such further relief be granted as might seem proper, etc.

The judge granted an order that the defendants show cause, at a time and place fixed, why they should not be restrained from interfering with the cattle in the manner alleged; and that in the meantime, and until further order, the sheriff " is made cus-todian and is required to take possession of and hold said cattle; and the defendants are restrained from interfering with such possession, and the said S. F. Guthrie is required and ordered to surrender the same to the " sheriff " instanter at the place of detention provided by the proper authorities in an enclosure,"

on premises described, "at which place it appears they were being kept under the quarantine regulations according to law."

After the interlocutory hearing on the pleadings and the evidence, the court found that Guthrie had failed and refused to comply with the law in question, and that the plaintiffs had just right and cause to exact from him, according to law, the payment of the costs and expense incurred in dipping and caring for the cattle in controversy; and thereupon ordered: that after three days notice to Guthrie to pay the sum of $70.45 as the expenses incurred, and upon his failure to pay that sum after three days notice, as required by law, the proper authorities proceed to sell such cattle, according to law, for the purpose of raising funds to pay such expenses and additional expenses as may result from further proceedings. The sheriff was directed to render to the local cattle inspector such assistance as might be necessary in the enforcement of the tick-eradication law and in the execution of this order; and Guthrie was "restrained and enjoined from interfering with the sheriff or the plaintiff in this procedure, under penalty of contempt."

The defendants excepted to the "judgment granting said injunction and restraining order," as contrary to law and evidence; and because: (a) "said order and judgment is mandatory in its nature;" (b) "in passing upon the issue . . the court denied to defendants their constitutional rights of trial by jury;" (c) "the order and judgment . .. directing the sale of defendant's property, without remanding the same to a trial before a jury in term time, deprives defendant of his constitutional right of a trial by jury, and amounts to a confiscation of defendant's property without due process of law;" (d) the quarantine distress warrant, and the counter-affidavit filed by Guthrie, should have been remanded to a trial by jury in term time, and the cause held in statu quo until the determination of the issue raised by them.

*John P. & Dewey Knight, H. J. Quincey,* and *R. D. Smith,* for plaintiffs in error.

*J. C. Smith, R. A. Hendricks,* and *W. D. Buie,* contra.