### FRIEDMAN *v.* FIRST NATIONAL BANK OF MADISON.

GILBERT, J.  The First National Bank of Madison filed a petition for attachment against W. Friedman & Brother, based upon Civil Code (1910), § 5088, having reference to attachments against fraudulent debtors. Subsequently W. Friedman, trading as W. Friedman & Brother, filed a petition to remove said attachment, as provided in Civil Code (1910), § 5091.  The defendants' petition contained, in addition to the prayer for removal of the attachment, a prayer " that said attachment be dismissed and removed and that said bank be enjoined from proceeding further with said attachment."  On the presentation of the defendant's petition the court issued a rule nisi, and also passed an order that " in the meantime said The First National Bank of Madison is hereby restrained and enjoined from proceeding further with said attachment until the further order of the court."  On the day set for the hearing, after the introduction of evidence by both sides the judge passed an order continuing the attachment and denying the application to remove the same.  The case came to this court on writ of error assigning error on the last-named judgment.  *Held:* This proceeding is purely statutory. Although the defendant prayed for an injunction to restrain the attachment proceeding and the court granted a restraining order, there were no facts alleged authorizing equitable jurisdiction.  Moreover, in the judgment complained of there was no reference to an injunction or other equitable remedy.  The restraining order originally granted by the court amounted to no more than was effected by the filing of the petition by the defendant to remove the attachment.  Therefore, under authority of the case of *Burress* v. *Montgomery*, 148 *Ga.* 548 (97 S. E. 538), this court is without jurisdiction, and the case is transferred to the Court of Appeals.  Ga. Laws 1916, p. 19.  *All the Justices concur.*

　　　　　　No. 3722.  NOVEMBER 14, 1923.

Attachment.　Before Judge Park.　Morgan superior court. April 9, 1923.

*E. R. Lambert,* for plaintiff in error.

*Williford & Duke,* contra.