### 17194.　DECATUR COUNTY *v.* PRAYTOR, HOWTON & WOOD CONTRACTING CO.

LUKE, J. 1. "Equity will not take cognizance of a plain legal right, where an adequate and complete remedy is provided by law." Civil Code (1910), § 4538.

2. "Notwithstanding the prayer for 'discovery,' 'accounting,' and relief in equity, the petition alleges no cause showing inadequacy at law. In fact the remedies provided at law are adequate, and it follows that equity has no jurisdiction. Properly construed the petition makes a plain action at law based on contract." *Burress* v. *Montgomery*, 148 *Ga.* 548 (5). See also *Lexington Presbyterian Church* v. *Reid*, 147 *Ga.* 225. Under the above-stated ruling, the petition in the instant case (brought in two counts), properly construed, makes a plain action at law based on a breach of contract, and this court has jurisdiction of the case.

3. "A county is liable to suit by contractors for breach of a valid and binding contract for the building of a bridge over a river in such county, upon the assumption that the difference between the representations in the plans and specifications as to the facts and conditions under the bed of the river, and the actual facts and conditions thereof, amounted to a breach of the contract by the county."

4. "Where a county enters into a valid and binding written contract for the building of a bridge across a river, and where, after considerable work has been done by the contractors, it is discovered that the bridge can not be completed under the plans and specifications which were prepared by the authorized agents of the county and made a part of the contract, and where, upon such disclosure, the contractors promptly notify the county that it. is impossible to complete the bridge under the original plans and specifications, and where the county thereupon engages another contractor to complete the structure, and where the difference between the representations of the plans and specifications as to the facts and conditions under the bed of the river and the actual facts of the situation amount to an actual breach of the contract by the

Bridges, 9 C. J. p. 441, n. 39.
Counties, 15 C. J. p. 559, n. 65.
Equity, 21 C. J. p. 36, n. 16; p. 390, n. 84.

county, the county can be sued at law for a breach of such contract on its part."

5. Under the facts stated in the petition now under consideration, the plaintiff "contractors would not be entitled to recover the entire profits which they would have made if they had completed their contract, but they would be entitled to recover only the value of materials furnished and the work done by them upon the bridge up to the time they abandoned the project, less any amount paid them under the contract."

6. The preceding paragraphs numbered 3, 4, and 5 are rulings of the Supreme Court in this case, in answer to questions certified by this court (163 *Ga.* 929, 137 S. E. 247); and, under those rulings and the facts of the case, the trial court properly overruled the general demurrers to both counts of the petition as amended, but erred in overruling the special demurrers to subparagraphs (*b*), (*c*), and (*d*) of paragraph 12 of the amendment to the first count of the petition.

7. The remaining special grounds of demurrer to the first count of the petition as amended, and the special demurrers to the second count as amended, were properly overruled.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED APRIL 12, 1927.

Breach of contract; from Decatur superior court—Judge Custer. January 29, 1926.

Certiorari was granted by the Supreme Court.

*H. G. Bell, Pollle & Hofmayer,* for plaintiff in error.

*Jones, Evins, Moore & Powers, Copeland & Dukes, T. G. Connell, E. K. Wilcox,* contra.