WILLIFORD *v.* STATE *ex rel.* BOYKIN, solicitor-general.

No. 11658. MARCH 10, 1937.

R. B. *Giles* and B. C. *Williford,* for plaintiff in error.
John A. *Boykin, solicitor-general,* J. W. *LeCraw,* and E. A. *Stephens,* contra.

RUSSELL, Chief Justice. On April 17, 1935, John A. Boykin, solicitor-general of the Atlanta Judicial Circuit, instituted disbarment proceedings for and on behalf of the State of Georgia against Ben C. Williford, an attorney at law, charging that Williford had been found guilty of a felony involving moral turpitude. Petitioner prayed that Williford be restrained from practicing law in the courts of this State. Williford demurred generally to the petition, filed a plea to the jurisdiction, a plea of res judicata, and a plea and answer denying the material allegations of the petition. The plaintiff filed a motion to dismiss the several pleas, and thereupon the defendant amended them. He filed a motion to dismiss, quash, and set aside the petition to disbar him, on the ground that it appeared that the same was a stale demand, and barred by the statute of limitations: and because of former jeopardy and res judicata. He filed also amendments in which he struck the paragraph in which he had alleged that he was then and is now a resident of Tift County. He also amended his demurrer. He likewise filed an amendment to his motion to dismiss the disbarment petition. Thereafter he also filed an amended motion to dismiss the disbarment proceedings, on certain grounds. It appears that during the pendency of the proceedings to disbar Williford, above referred to, he was indicted by the grand jury of Fulton County for perjury on account of certain alleged false averments made by him under oath in his plea and answer in such proceedings, and was tried therefor and convicted and sentenced to a term in the penitentiary. See *Williford* v. *State,* 53 *Ga. App.* 334 (185 S. E. 611). On October 10, 1936, the solicitor-general filed in the superior court of Fulton County a petition on behalf of the State, in which he recited the filing of the suit to disbar Williford, and alleged that Williford had been convicted of perjury in connection therewith, and that on the trial of Williford for such perjury it developed that he had been previously indicted, tried, and convicted and sentenced for forgery in the superior court of Tift County in 1921. The solicitor-general prayed that Williford be suspended from the practice of law in the courts of this State until final disposition of the issues in the disbarment proceedings. A rule nisi was issued and served personally on Williford, and he appeared and filed a plea and an answer. He also moved to dismiss this petition, which motion was overruled

by three judges of Fulton superior court. On the same day, October 20, 1936, said three judges overruled the demurrers, pleas in bar, amendments, and motions filed by Williford, and entered the following order on the petition of October 10, filed by the solicitor: "The motion to suspend Ben C. Williford from the right to practice law in the State of Georgia, pending the final determination of a motion to disbar him from practicing law, having been set for a hearing on October 6, 1936, and it appearing from the evidence and argument had that the said Ben C. Williford has heretofore been convicted of offenses involving moral turpitude: It is therefore ordered that the said Ben C. Williford be and he is hereby suspended from the right to practice law in the courts of the State of Georgia until a final disposition of the proceedings to disbar him and until further order of court, except that the said Ben C. Williford shall be allowed to appear before the judge in any case which has been tried before a jury and which is now pending on motion, in order that he may complete any case tried by him and which has not been finally terminated, and in which he is sole counsel."

To this judgment and order, as well as to the orders and judgments dismissing his pleas and amendments, and overruling his motions and demurrers, above referred to, Williford excepted. The bill of exceptions was filed in this court, it being recited therein: "This being a suit in equity, and asking and praying for an injunction, the Supreme Court of Georgia has jurisdiction by reason thereof."

1. Proceedings to disbar an attorney on conviction of a crime involving moral turpitude are brought under the Code, § 9-501 (1). Such proceedings may be taken by the court of its own motion, or on the motion of an attorney at law or other citizen. § 9-505. When instituted by the court of its own motion or conducted in the name of the State, they are brought by the solicitor-general. § 9-506; *Ex parte Bradley*, 63 *Ga.* 566. These proceedings do not involve the application of equity or granting of equitable relief. See *DeKrasner* v. *Boykin*, 54 *Ga. App.* 29 (186 S. E. 701); *Jones* v. *Lawman*, 184 *Ga.* 25 (190 S. E. 607). Section 4977 of the 1910 Code provided that there might be a review of such proceedings "by the Supreme Court as in other cases." In *Payne* v. *State*, 180 *Ga.* 609 (180 S. E. 130), it was ruled that

"Section 4977 of the Civil Code of 1910, providing that a judgment of disbarment might be reviewed by the Supreme Court, was superseded by the constitutional amendment of 1916, defining the jurisdiction respectively of the Supreme Court and the Court of Appeals." The codifiers in preparing the Code of 1933, inserted in section 9-517, the section of that Code corresponding with section 4977 of the 1910 Code, the words "the Court of Appeals" in lieu of the words "the Supreme Court," and said section 9-517 of the current Code now reads: "A judgment of acquittal is ·final; but from a judgment of removal there may be a motion for new trial, and a review by the Court of Appeals as in other cases."

2. While, in the original suit to disbar defendant, the solicitor-general prayed that he be "restrained" from the practice of law, this case did not involve any equitable relief, but was strictly a statutory action to disbar an attorney. Neither the judgment suspending defendant nor any of the orders on the various pleas, demurrers, and motions in the case involved any equitable relief or any other matter giving jurisdiction to this court. *Martin* v. *Deaton*, 172 *Ga.* 557 (158 S. E. 331), and cit.; Code, §§ 2-3005, 2-3009. This court has no jurisdiction of the writ of error. The case is

*Transferred to the Court of Appeals. All the Justices concur.*