WHITE, administrator, *v.* GEORGIA RAILROAD BANK &
TRUST CO. *et al.*

No. 14745.   FEBRUARY 8, 1944.

*Pierce Brothers,* for plaintiff.

*Cumming, Harper & Nixon, Osgood O. Williams,* and *Hawes Cloud,* for defendants.

ATKINSON, Justice. (After stating the foregoing facts.) The petitioner alleged that he had no adequate remedy at law; and the prayers were for process, for second originals to be issued and served, for judgment, for general relief, and "that defendants be required to restore the sum of $7000 to the credit of said Ed White in the ·Georgia Railroad Bank and Trust Company, and thereupon the Georgia Railroad Bank and Trust Company be required to pay the entire amount on deposit to petitioner as administrator of said Ed White."

Whether this court has jurisdiction of the case, within the meaning of the constitutional provision as contained in the Code, § 2-3005, depends on whether or not this is an "equity case." This must be determined from the allegations and prayers of the petition. *Bernstein* v. *Fagelson,* 166 *Ga.* 281, 287 (142 S. E. 862); *O'Callaghan* v. *Bank of Eastman,* 180 *Ga.* 812, 817 (180 S. E. 847); *Henderson* v. *Curtis,* 185 *Ga.* 390 (195 S. E. 152). If either the petition or the prayer is imbued or impregnated with an equitable tinge, it must be found in that portion of the prayer wherein it is prayed "that defendants be required to restore ·the sum of $7000 to the credit of said Ed White in the" bank. But this is a prayer for relief to compel a party to perform an act which could not be granted. Code, § 55-110; *Rudolph Wurlitzer Company* v. *Jackson,* 134 *Ga.* 333 (67 S. E. 879); *Florida Central Railroad Co.* v. *Cherokee Sawmill Co.,* 137 *Ga.* 815 (5) (74 S. E. 523); *Georgia Power Co.* v. *City of Rome,* 172 *Ga.* 14 (8) (157 S. E. 283). On the other hand, such relief, if granted, would be less effective than rights that would be acquired under a common-law judgment. The suit is for the purpose of recovering money. In *Lexington Presbyterian Church* v. *Reid,* 147 *Ga.* 225 (93 S. E. 208), the question made was whether the Supreme Court had jurisdiction to review the judgment, one of the prayers being "that petitioner have a decree against the defendants, requiring them to carry out with petitioner the terms of their said contract." In

that case, which was transferred to the Court of Appeals, this court said: "The only term of the defendants' contract which they could be required to carry out is their obligation to pay the agreed purchase-price of the petitioner's stock sold to them; and no way occurs to us to force the defendants to comply with such term, except by judgment against them to be enforced by execution." Where complete relief can be secured by a common-law judgment, equitable jurisdiction can not be acquired by incorporating a prayer "that defendants be required to restore [the amount sued for] to the credit of [plaintiff]." Nor does the fact that one of the defendants is a bank make a case in equity by reason of such a prayer. If so, then any suit against a bank could be converted into an equity case merely by following a prayer for judgment with an additional prayer that the bank give credit to petitioner for the amount claimed. "The prayer for general relief and the invocation of the powers of a court of equity to grant such relief, to protect the rights of the plaintiff, and to afford to the plaintiff complete relief, in the absence of averments which show that the plaintiff is entitled to equitable relief, do not make the case one in equity. *Burress* v. *Montgomery*, 148 *Ga.* 548 (97 S. E. 538)." *Mulherin* v. *Neely*, 165 *Ga.* 113 (139 S. E. 820).

If the averments of the petition set forth any cause of action, it is one at law, and not in equity; and consequently the Court of Appeals has jurisdiction to review this case, and not this court; and the case is transferred to that court.

*Transferred to the Court of Appeals. All the Justices concur.*