HORTON *v.* CONTINENTAL CASUALTY COMPANY *et al.*

No. 15132.   APRIL 4, 1945.

*Clifford R. Wheeless* and *Oliver C. Hancock,* for plaintiff in error.
*Hirsch, Smith, Kilpatrick, Clay & Cody, Sidney Haskins,* and
*C. E. Moore,* contra.

ATKINSON, Justice. (After stating the foregoing facts.) Whether this court has jurisdiction of the case within the meaning of the constitutional provision contained in the Code, § 2-3005, depends on whether or not this is an equity case. "While the doctrine of contribution originated in courts of equity, it was subsequently adopted by courts of law and is now universally applied therein." 13 Am. Jur. 8, § 5. See also 18 C. J. S. 21, § 13. This principle was recognized in *Watkins* v. *Woodbery,* 148 *Ga.* 249 (96 S. E. 338), where several joint makers of promissory notes sought contribution against one alleged to be jointly liable. In that case, which was transferred to the Court of Appeals, this court said: "The plaintiffs' case is based upon [Code, § 37-303], which concludes with the words, 'whenever the circumstances are such that an action at law will not give a complete remedy, equity may entertain jurisdiction.' Undoubtedly the doctrine of contribution rests upon the equitable principle that when the parties stand in aequali jure the law requires equality, which is equity. Notwithstanding this fact, and also that the right of contribution was first recognized and enforced in courts of equity, subsequently the courts of law took and still exercise jurisdiction on the ground of an implied contract arising from the equitable obligation. [Citations.] It will be observed that the Code section cited above contemplates the enforcement of the law of contribution by an action at law, and provides for equitable jurisdiction only when an action at law does not furnish a complete remedy." *Southern Railway Co.* v. *Rome,* 179 *Ga.* 449 (176 S. E. 7), involving contribution, based on the payment of a judgment that had been rendered against joint tort-feasors, came to the Supreme Court on the grant of a

certiorari to the Court of Appeals. While the instant case contains a prayer "for such other and further relief as to the court may seem meet and just," such prayer can not, unaided, make an equity case. *Atlanta Finance Co.* v. *Fitzgerald,* 189 *Ga.* 121 (5 S. E. 2d, 242) ; *White* v. *Georgia Railroad Bank & Trust Co.,* 197 *Ga.* 238 (28 S. E. 2d, 858) ; *Martin* v. *Home Owners Loan Corporation,* 198 *Ga.* 288 (31 S. E. 2d, 407.) There are no allegations in the pleadings requiring an accounting or any other equitable relief, so as to confer jurisdiction upon the Supreme Court, as was true in *Autry* v. *Southern Railway Company,* 167 *Ga.* 136 (144 S. E. 741) ; *Davis* v. *Perkins,* 178 *Ga.* 195 (172 S. E. 562) ; *Snyder* v. *Elkan,* 187 *Ga.* 164 (199 S. E. 891) ; *Eidson* v. *Maddox,* 195 *Ga.* 641 (24 S. E. 2d, 895), and similar cases. It follows that this is not a suit in equity, and that this court is without jurisdiction to decide the case. Therefore, it is ordered that the same be transferred to the Court of Appeals, which has jurisdiction.

*Transferred to the Court of Appeals. All the Justices concur.*