19111. CARTER *et al. v.* STATE OF GEORGIA *et al.*

SUBMITTED SEPTEMBER 14, 1955—DECIDED SEPTEMBER 15, 1955.

*John J. Sullivan, Aaron Kravitch*, for plaintiffs in error.
*Edwin Maner, Jr., Andrew J. Ryan, Jr., Solicitor-General*, contra.

WYATT, Presiding Justice. The first question presented is whether or not the instant case is one over which the Constitution of the State of Georgia gives this court jurisdiction. In all cases where it may appear that jurisdiction of a writ of error is in doubt, it is the duty of the Supreme Court to determine the question of its jurisdiction. *Findley* v. *City of Vidalia*, 204 *Ga.* 279 (49 S. E. 2d 658); *Dade County* v. *State of Georgia*, 201 *Ga.* 241 (39 S. E. 2d 473).

If this court has jurisdiction of the instant case, it must be because it is an equitable one. If the instant case is an equitable one, it must be because of a prayer numbered 13 (e) of the amendment to the intervention, which reads as follows: "That the defendants, the Mayor & Aldermen of the City of Savannah

be temporarily and permanently enjoined from the issuance and sale of said revenue bonds." There are no other prayers for any equitable relief and no allegations in the petition which would support the prayer for injunction.

The action here involved is purely statutory, and there are no allegations in the petition which in any way indicate that the legal relief available in this suit is not full and complete. What the intervenors seek is to block the issuing and selling of the revenue certificates. If they are successful in their suit to block the validation of the certificates, they will have successfully blocked their issuance and sale, since under Code (Ann. Supp.) Chapter 87-8, it is required that the revenue certificates issued thereunder be validated as provided therein. If they are unsuccessful in this attempt, they would be entitled to no relief by injunction or otherwise, since in any case they must establish their right to relief. Therefore, their prayer for injunction would give them nothing, and is mere surplusage.

In *Burress* v. *Montgomery*, 148 *Ga.* 548 (97 S. E. 538), it was said: "Notwithstanding the prayer for 'discovery', 'accounting', and relief in equity, the petition alleges no cause showing inadequacy at law. In fact the remedies provided at law are adequate, and it follows that equity has no jurisdiction." The case was transferred to the Court of Appeals. See also *Lexington Presbyterian Church* v. *Reid*, 147 *Ga.* 225 (93 S. E. 208).

In *Friedman* v. *First National Bank of Madison*, 156 *Ga.* 717 (120 S. E. 13), a case that was transferred to the Court of Appeals, this court said: "This proceeding is purely statutory. Although the defendant prayed for an injunction to restrain the attachment proceeding and the court granted a restraining order, there were no facts alleged authorizing equitable jurisdiction." See also *Williford* v. *State*, 184 *Ga.* 59 (190 S. E. 605), which was also transferred to the Court of Appeals, where it was said: "While, in the original suit to disbar defendant, the solicitor-general prayed that he be 'restrained' from the practice of law, this case did not involve any equitable relief, but was strictly a statutory action to disbar an attorney."

In *Jasper School District* v. *Gormley*, 184 *Ga.* 756 (193 S. E. 248), which was transferred to the Court of Appeals, after establishing that the right of subrogation was an equitable one, the

court said: "The only basis on which the second count of the petition in the instant case could be held to be one seeking the right to subrogation is by reason of the allegation therein that the 'plaintiff is entitled to be subrogated to all rights of the parties to whom said money was paid.' This, however, does not make it an equity case. The only relief sought is a recovery of a judgment for money had and received. To make a case in equity, the allegations of the petition must be applicable to the equitable relief prayed for, and there must be a prayer either for the specific relief, or for general relief . . ."

It has also been held by this court that the fact that it was alleged in the petition and in a motion to refer the case to an auditor and in the motion to recommit the case to the auditor that the case was one in equity, and that the judge in deciding the case considered that it was in equity, and it was so recited in the bill of exceptions, did not make the case one in equity. See *Gormley* v. *Slicer,* 178 *Ga.* 85 (172 S. E. 21).

There are many other cases which hold that a mere prayer for equitable relief when the allegations of the petition do not support such a prayer does not make the case one in equity over which this court has jurisdiction. For a few of these, see *Atlanta Finance Co.* v. *Fitzgerald,* 189 *Ga.* 121 (5 S. E. 2d 242) ; *Simpson* v. *McMillan,* 150 *Ga.* 119 (102 S. E. 825) ; *Decatur County* v. *Praytor &c. Contracting Co.,* 36 *Ga. App.* 611 (137 S. E. 918) ; *Martin* v. *Home Owners Loan Corp.,* 198 *Ga.* 288 (31 S. E. 2d 407) ; *White* v. *Georgia Railroad Bank &c. Co.,* 197 *Ga.* 238 (28 S. E. 2d 858) ; *Moseley* v. *Alspaugh,* 192 *Ga.* 216 (14 S. E. 2d 737).

"The cancellation of the note sued on was not necessary to a complete defense. Parties can not by a mere prayer for cancellation, under the circumstances here shown, divest the Court of Appeals of jurisdiction and confer jurisdiction upon this court." *Simpson* v. *McMillan,* supra.

Applying the principles above stated to the facts in the instant case, it is clear that this court does not have jurisdiction of the writ of error. The suit is purely a statutory one, and the allegations of the intervention are referable only to defeating the application to validate the revenue certificates which the city seeks to issue and sell under the statute. There are no allegations upon which an injunction could be based, or which show that an

injunction is required, or would be effective. If, as stated at the beginning of this opinion, the intervenors are successful in defeating the validation of the certificates, they can not be issued and sold whether or not an injunction is granted.

It follows, therefore, the instant case is not an equitable one, and no other reason appears why this court has jurisdiction. The case is accordingly

*Transferred to the Court of Appeals. All the Justices concur.*