22072. HUDON et al. v. NORTH ATLANTA et al.

DUCKWORTH, Chief Justice. This case falls within the jurisdiction of the Court of Appeals since it is one for a declaration of the rights of the parties and shows that "the status of the respective parties pending the adjudication" should be maintained by the issuance of a temporary injunction. *Felton v. Chandler*, 201 Ga. 347 (39 SE2d 654); *Milwaukee Mechanics' Ins. Co. v. Davis*, 204 Ga. 67 (48 SE2d 876); *Griffin v. Hardware Mut. Ins. Co.*, 212 Ga. 130 (91 SE2d 10). To make a case one for equity jurisdiction it must contain allegations and prayers for equitable relief. *Decatur County v. Praytor, Howton & Wood Contr. Co.*, 36 Ga. App. 611 (137 SE 918); *City of Summerville v. Georgia Power Co.*, 204 Ga. 276, 277 (3) (49 SE2d 661); *Odom v. Atlanta & West Point R. Co.*, 204 Ga. 328 (1) (49 SE2d 821); *U. S. Cas. Co. v. Georgia Sou. R. Co.*, 212 Ga. 569 (94 SE2d 422); *Hollinshed v. Shadrick*, 212 Ga. 624 (94 SE2d 705).

While there is a prayer for permanent injunction, the allegations are insufficient to authorize the grant of such relief, and if such a prayer alone determined jurisdiction, litigants could require

this court to review every case as being within the jurisdiction of the court as an equity matter by adding such a spurious prayer. Accordingly, the writ of error is

*Transferred to the Court of Appeals. All the Justices concur.*
ARGUED JUNE 10, 1963—DECIDED JULY 3, 1963.

*Bagwell & Hames, James A. Bagwell,* for plaintiffs in error.
*T. B. Higdon,* contra.