454

23609, 23610. GULF AMERICAN FIRE & CASUALTY COMPANY v. McNEAL; and vice versa.
23611, 23612. GULF AMERICAN FIRE & CASUALTY COMPANY v. McNEAL, by Next Friend; and vice versa.

GRICE, Justice. This court does not have jurisdiction of these cases. The petitions of the insured's son and wife against the insurer sought declaratory relief, money judgment, attorney's fees, and prayed "That, in the exercise of its equitable powers, this court require the defendant to give its written consent for plaintiff to institute and prosecute to judgment" any action against any party which may be liable for the injuries to plaintiff.

The appeals from the summary judgments in favor of the insured's son and wife were directed to this court upon the theory that the foregoing prayer, common to both petitions, makes the suits equitable ones under the State constitutional provision vesting the Supreme Court with jurisdiction of equity cases. Ga. Const., Art. VI, Sec. II, Par. IV (Code Ann. § 2-3704). However, in both petitions another prayer seeks (1) a declaration invalidating the provision of the policy for forfeiture of coverage if the insured or any person entitled to coverage should, without written consent of the insurer, settle with or prosecute to judgment any action against the party liable to plaintiff; or (2), if not invalid, a declaration that the defendant insurer has waived it in this instance.

It is obvious that the relief of invalidity or waiver sought by declaratory judgment would have the same effect as the relief of consent sought by the prayer quoted above, and therefore that the latter is not needed.

In Carter v. State of Ga., 211 Ga. 824 (89 SE2d 175), this court, in transferring the case to the Court of Appeals, stated, ". . . there are no allegations in the petition which in any way indicate that the legal relief available in this suit is not full and complete. . ." It held that a prayer for injunction did not make the case one in equity, since, under such circumstances, ". . . their prayer for injunction . . . is mere surplusage." A comparable situation exists here. See also, Carey v. Habersham Hardware &c. Co., 211 Ga. 19 (83 SE2d 585).

In view of the foregoing it is unnecessary to decide whether the

prayers for written consent in fact seek equitable relief. Even if they do, under the *Carter* case, supra, they do not make the cases equitable ones so as to confer jurisdiction upon this court.

No other reason for jurisdiction of this court appearing, these appeals, and therefore the cross appeals, are

*Transferred to the Court of Appeals. All the Justices concur.*

ARGUED JULY 12, 1966—DECIDED SEPTEMBER 8, 1966.

*Martin, Snow, Grant & Napier, George C. Grant, Hendley V. Napier,* for appellant.

*G. L. Dickens, Jr.,* for appellees.