### 24915. JONES, Executor, et al. v. VAN VLECK.

GRICE, Justice. This court does not have jurisdiction of this case. The controversy is over an affidavit of indebtedness against the appellant executor which the appellee has recorded in the office of the clerk of the superior court, pursuant to Georgia Laws 1955, page 614 (*Code Ann.* §§ 38-638, 38-639, 38-640).

The complaint denies the claim of indebtedness and the right to record the affidavit. It alleges that the existence of the claim of indebtedness and purported lien on the records is a cloud on the title of the property of the estate, that therefore there exists a controversy between the parties with reference to the claim of indebtedness and purported lien, and that the appellant seeks a declaratory judgment. The complaint prays, insofar as material here, that the appellee "be restrained and enjoined from proceeding with said affidavit, and that said affidavit be declared void and of no effect, to be cancelled by order of the court."

The cross action of the appellee seeks judgment against the appellant executor for reimbursement of payments allegedly made as to the property.

Jurisdiction of this court is not afforded merely because a declaratory judgment is sought. See *Felton v. Chandler*, 201 Ga. 347 (39 SE2d 654); *Ga. Cas. &c. Co. v. Turner*, 208 Ga. 782 (69 SE2d 771).

Nor is this an equity case for the jurisdiction of this court. The rule is that "to make a case one for equity jurisdiction it must contain allegations and prayers for equitable relief." *Hudon v. North Atlanta,* 219 Ga. 179 (132 SE2d 74), and citations. The allegations of the complaint are deficient in this respect. Although the complaint prays that the appellee "be restrained and enjoined from proceeding with said affidavit," there are no allegations as to any such need and it is apparent that the injunction thus sought is merely one to maintain the status quo pending determination of the primary relief sought, which is a declaration that the affidavit is invalid. Likewise, the portion of the prayer, "to be cancelled by order of the court," is obviously also ancillary to that determination. Neither of these prayers, under the allegations here, makes this case an equitable one. See *Simpson v. McMillan,* 150 Ga. 119 (102 SE 825) ; *Carter v. State of Ga.,* 211 Ga. 824 (89 SE2d 175) ; *Gulf American Fire &c. Co. v. McNeal,* 222 Ga. 454 (150 SE2d 685).

Since no basis for this court's jurisdiction exists (Const., Art. VI, Sec. II, Par. IV; *Code Ann.* § 2-3704), the case must be transferred to the Court of Appeals.

*Transferred to the Court of Appeals. All the Justices concur.*

Argued November 12, 1968—Decided November 21, 1968.

*O. J. Tolnas, George T. Burpee,* for appellants.

*Fortson, Bentley & Griffin, Herbert T. Hutto,* for appellee.