WHETSTONE *v.* NEW YORK LIFE INSURANCE CO. *et al.*

No. 9408.   MAY 9, 1933.

28

*George W. Fetzer Jr.,* and *Travis & Travis,* for plaintiff in error.

*Bryan, Middlebrooks & Carter, Frank P. McIntire, Charles D. Russell,* and *Cobb & Bright,* contra.

BECK, P. J. (After stating the foregoing facts.) We are of the opinion that the court did not err in overruling the demurrers and the motion to dismiss filed by Whetstone. The court was not without jurisdiction of Whetstone, though he is a resident of New York. · He had come into the city court of Savannah and submitted himself to the jurisdiction of that court when he filed his suit upon the life-insurance policy in question here, of which he claimed to be the transferee. The petition filed in this case is not a petition in the nature of a bill of interpleader, though it has some of the features of a petition requiring parties to interplead. It is not a petition for interpleader; for it does not admit indebtedness to any of the defendants, but denies all liability under the policy. The petition sets out only the grounds upon which petitioner claims that the policy is absolutely void. If the allegations in the petition as to the false and fraudulent representations made by the insured are contested by Whetstone, the plaintiff in the suit in the city court of Savannah, or if he seeks to show that there are such circumstances in the case that his rights ought not to be affected though the statements were false, all such issues can be decided in the equitable suit. It is manifest that a court of law can not grant as full and complete relief as to the questions here made as can be granted in a court of equity. The rights of the defendant Whetstone and of Hartford Accident and Indemnity Company and of Mrs. Barbara A. Kiddy can all be determined in one suit. It may be that Mrs. Kiddy can not be compelled to come into the Georgia court and submit her rights there; or if a decree is rendered in view of service upon her, she may afterwards set up that she was not bound by such a decree; and whether she was bound or not after service upon her can be determined in the proper forum. But the rights of petitioner and of Whetstone and of Hartford Accident and Indemnity Company can be determined in this suit. If the allegations of the petition are true, the insured obtained the issuance of this policy by fraud; and the plaintiff, in the lifetime of the insured, offered to do equity by returning the premiums that had been paid, demanding that the

policy be returned for cancellation. The order of the court over-ruling the motion to dismiss and the demurrers was not error.

*Judgment affirmed. All the Justices concur.*