JEFFERSON STANDARD LIFE INSURANCE COMPANY
*v.* FENDLEY.

No. 11022.   June 30, 1936.   Rehearing denied July 18, 1936.

*Bryan, Middlebrooks & Carter* and *Hull, Barrett & Willingham,* for plaintiff in error.

*Isaac S. Peebles Jr.,* and *Nathan Jolles,* contra.

Atkinson, Justice. A substituted beneficiary of an insurance policy issued upon the life of a person as a member of a group brought suit against the insurer on the policy after death of the insured, praying for a judgment for the amount specified in the policy. A demurrer to the petition was overruled, and exceptions pendente lite were filed. The defendant filed an answer admitting certain allegations of the petition and denying others. For further answer the defendant alleged an election to rescind the policy of insurance, on the ground of stated misrepresentation of material facts by the insured in procuring the policy, and prayed "(a) For a judgment and decree of this court that said policy of insurance be canceled, and that said policy be adjudged void and of no force or effect. (b) That the plaintiff be directed to surrender the said policy of insurance to defendant, and that plaintiff be permanently restrained and enjoined from filing any other suit on said policy of insurance. (c) For such other and further relief as defendant may be entitled to." The estate of the insured was not a party

to the case. A verdict for the plaintiff was returned. A motion for new trial was overruled, and the defendant excepted. The writ of error was made returnable to the Supreme Court.

No constitutional question was raised, and whether the Supreme Court has jurisdiction of the writ of error depends upon whether the case is one "in equity." The petition is plainly an action at law for a money judgment. The answer seeks such affirmative relief as rescission and cancellation of the policy of insurance, injunction to prevent the plaintiff from filing any further suit on the policy, and general relief. The legal representative of the insured would be a necessary party to an action to rescind (*Kehr* v. *Floyd,* 132 *Ga.* 626 (3), 64 S. E. 673; *Taylor* v. *Colley,* 138 *Ga.* 41, 74 S. E. 694; *Zeigler* v. *Arnett,* 142 *Ga.* 487, 83 S. E. 112) ; and the suit having been brought at law on the policy, the insurer could set up in defense thereto the matters relied on; and if successful, the judgment would be conclusive against present or future enforcement of the insurance policy. *House* v. *Oliver,* 123 *Ga.* 784 (51 S. E. 722). In the circumstances the suit is not in equity, and the bill of exceptions is not within the jurisdiction of the Supreme Court; and consequently the case will be transferred to the Court of Appeals, which has jurisdiction. See generally on the subject: *Burress* v. *Montgomery,* 148 *Ga.* 548 (97 S. E. 538) ; *Friedman* v. *First National Bank,* 156 *Ga.* 717 (120 S. E. 13) ; *Davis* v. *Metropolitan Life Ins. Co.,* 161 *Ga.* 568 (131 S. E. 490) ; *Mulherin* v. *Neely,* 165 *Ga.* 113 (139 S. E. 820) ; *Burton* v. *Metropolitan Life Ins. Co.,* 177 *Ga.* 899 (172 S. E. 41) ; *Wilkes County* v. *Washington,* 167 *Ga.* 181, 194 (145 S. E. 47) ; *Burgess* v. *Ohio National Life Ins. Co.,* 177 *Ga.* 48 (169 S. E. 364) ; *Reece* v. *McCrary,* 179 *Ga.* 812, 816 (177 S. E. 741) ; *Williams* v. *Aycock,* 180 *Ga.* 570 (179 S. E. 770) ; *Goodwyn* v. *Roop,* 181 *Ga.* 327 (182 S. E. 4) ; *Gormley* v. *Slicer,* 178 *Ga.* 85 (172 S. E. 21) ; Enelow *v.* New York Life Ins. Co., 293 U. S. 379; Adamos *v.* New York Life Ins. Co., 293 U. S. 386.

*Transferred to Court of Appeals. All the Justices concur, except Bell, J., who dissents.*