PENN MUTUAL LIFE INSURANCE COMPANY v. CHILDS.

No. 13146.  February 16, 1940.  Rehearing denied March 15, 1940.

*James L. Alston, W. B. Spann,* and *Alston, Foster, Moise & Sibley,* for plaintiff.

*Hirsch, Smith & Kilpatrick, E. D. Smith Jr.,* and *Welborn B. Cody,* for defendant.

Grice, Justice.  The basis of the controversy is the assertion on the part of Childs of a claim against the insurance company for payments for disability under a clause in the policy, and the insistence on the part of the company is that it is not liable to the plaintiff therefor, because, first, the insurance contract was obtained by fraud; and second, that the insured is not in fact disabled. The petition shows on its face that a suit is pending in the civil court of Fulton County, brought by Childs against the company, seeking judgment, to which the company has filed the defenses indicated above. As justification for its refusal to pay, the company alleged in its petition the same facts which it relied on in its pleadings in the civil court; and it prayed that Childs be enjoined from prosecuting his suit in the common-law court, that he be required to prosecute it in the superior court, that the policy be reformed by eliminating therefrom all provisions relating to disability payments, and that all provisions relating to disability benefits be rescinded and canceled. The petition was dismissed on demurrer on the ground that petitioner had a complete remedy at law, on the authority of *Barfield* v. *Pacific Mutual Life Insurance Co., 182 Ga.* 704 (186 S. E. 735). Counsel for the insurance company argues that since two separate defenses were pleaded, a verdict in the company's favor in the civil court would in no way be res judicata upon the issue of fraud in the procurement of a policy. It is true that the general rule is that in order for a former judgment to bind parties in a subsequent suit, by way of estoppel as to any fact, it must appear that such question of fact was actually determined in such action. *Callaway* v. *Irvin, 123 Ga.* 344 (51 S. E. 447); *Hardin* v. *Douglas,* 168 *Ga.* 213 (147 S. E. 106); *Goodwin* v. *Bowen,* 184 *Ga.* 408 (191 S. E. 691); *Sumner* v. *Sumner, 186 Ga.*

390 (197 S. E. 833). But the insurer's fear as to this is baseless. When several pleas are filed, a verdict for the defendant should show upon which of the pleas the verdict is rendered. Code, § 110-102. The judge is bound so to instruct the jury; and in such a case, if a general verdict be rendered for the defendant, the jury should be required to retire and return a verdict specifying on what plea or pleas it is based. *Williams* v. *Gunnels,* 66 *Ga.* 521. The relief which is obtainable by the company in the suit now pending is not rendered inadequate because of the fact that two separate defenses or pleas may be filed.

That the civil court of Fulton County is without jurisdiction to grant extraordinary relief such as reformation, cancellation, rescission, etc., is no reason why a court of equity should assume jurisdiction and grant the relief prayed for herein, if in the common-law suit the insurer can obtain all the relief to which it is entitled. We have before us such an instance. *House* v. *Oliver,* 123 *Ga.* 784 (51 S. E. 722); *Webb-Harris Auto Co.* v. *Industrial Acceptance Corporation,* 164 *Ga.* 54 (137 S. E. 770); *Cook* v. *Volunteer State Life Insurance Co.,* 180 *Ga.* 282 (178 S. E. 657); *Arnold* v. *American Securities Co.,* 181 *Ga.* 354 (182 S. E. 2). The applicable principle has frequently been applied by the courts of the United States to situations similar to the one here presented, where insurance companies were seeking equity to cancel policies alleged to have been fraudulently procured. New York Life Insurance Co. *v.* Marshall, 23 Fed. 2d, 225 (C. C. A. 5th Circuit); Pacific Mutual Life Ins. Co. *v.* Parker, 71 Fed. 2d, 872 (C. C. A. 4th Circuit); New York Life Ins. Co. *v.* Miller, 73 Fed. 2d, 350 (C. C. A. 8th Circuit); Riggs *v.* Union Life Ins. Co., 129 Fed. 207 (C. C. A. 8th Circuit); Pacific Mutual Life Ins. Co. *v.* Andrews, 77 Fed. 2d, 692 (C. C. A. 8th Circuit); Metropolitan Life Ins. Co. *v.* Banion, 86 Fed. 2d, 887 (C. C. A. 10th Circuit). In the opinion in the case last cited, after stating that there was some confusion in the earlier cases, it is said: "But any doubt as to the right to maintain an equitable suit to cancel a policy, brought after an action at law on the policy, has been set at rest by the Supreme Court of the United States in Enelow *v.* New York Life Ins. Co., 293 U. S. 379, 55 S. Ct. 310, 79 L. ed. 440, Adamos *v.* New York Life Ins. Co., 293 U. S. 386, 55 S. Ct. 315, 79 L. ed. 444, and Di Giovanni *v.* Camden Fire Ins. Ass'n, 296 U. S. 64,

56 S. Ct. 1, 80 L. ed. 47. The philosophy of these cases, as we read them, is this: An insurance company which must contest a policy within a limited period, if at all, can not be deprived of its defenses by the inaction of plaintiff; but if an action at law is pending which affords the company an opportunity to contest the policy within the contestable period, the company can not deny the plaintiff a jury trial by a suit in equity." Compare American Life Insurance Co. *v.* Stewart, 300 U. S. 203 (57 Sup. Ct. 377, 81 L. ed. 1936). See also the authorities listed in the Enelow case, supra, as supporting the conclusion there reached, to wit, that, the defense of fraud being completely available in an action at law, a proceeding in equity will not lie to stay proceedings in that action in order to have the defense heard and determined in equity. The judgment under review is based on abundant authority, and is sound in principle. No such question as we are here dealing with was raised in *New York Life Ins. Co.* v. *Hollis,* 177 *Ga.* 805 (171 S. E. 288). Besides other distinguishing features, in *Whetstone* v. *New York Life Ins. Co.,* 177 *Ga.* 24 (169 S. E. 352), there was an incontestability clause in the policy, which furnished a recognized exception to the general rule, as pointed out in many of the authorities above cited. We think that Terry *v.* New York Life Ins. Co., 104 Fed. 2d, 498, and Ruhlin *v.* New York Life Ins. Co., 93 Fed. 2d, 418, may be distinguished; but even if such be not the case, we would feel constrained to adhere to our view as above expressed. The request to review and overrule the decision in *Barfield* v. *Pacific Mutual Life Insurance Co.,* supra, is denied.

The plaintiff prayed for injunction to restrain the defendant from further prosecuting the action pending in the civil court, and from instituting any other suit to recover the alleged disability benefits. The plaintiff alleged that the defendant *may* bring other suits, but did not allege that he will do so, or that he even threatens to do so. The case therefore can not be sustained as a suit for injunction upon any theory as to avoidance of a multiplicity of actions.

*Judgment affirmed. All the Justices concur, except Bell, J., who dissents.*