RILEY *v.* INDUSTRIAL LIFE AND HEALTH INSURANCE COMPANY.

No. 13416. SEPTEMBER 27, 1940. REHEARING DENIED OCTOBER 15, 1940.

892

*William H. Smith,* for plaintiff.

*McElreath, Scott, Duckworth & DuVall,* for defendant.

Jenkins, Justice. 1. Under the rule in this State, a provision in a life-insurance policy that it shall be incontestable after specified years from its date, except as to certain conditions as to premiums, is valid; the insurer is, with the exception indicated, precluded from setting up any defense based upon misrepresentations or warranties made by the insured in his application, whether fraudulent or otherwise; and under a proper interpretation of the policy, such a clause manifests the intention of the parties that all grounds of defense, save non-payment of premium, shall be cut off by the clause. *Mass. Life Asso.* v. *Robinson,* 104 *Ga.* 256 (30 S. E. 918, 42 L. R. A. 261); *Northwestern Life Insurance Co.* v. *Montgomery,* 116 *Ga.* 799, 805 (43 S. E. 79). Nothing to the contrary was

held in *Hollis* v. *Travelers Insurance Co.,* 49 *Ga. App.* 274, 275 (175 S. E. 33), which merely recognized the additional rule that liability on a policy, even "though incontestable, . . in the absence of any waiver, is measured by the terms and provisions of the policy itself" as to what particular risks are covered. See Sanders *v.* Jefferson Standard Life Ins. Co., 10 Fed. 2d, 143; U. S. *v.* Kaminsky, 64 Fed. 2d, 735 (4), 737.

2. By the great weight of authority, such an incontestable clause likewise excludes any operation of an additional clause, that, in order for the policy to take effect, the insured must have been in good health on its date, even though at that time he was in bad health, and, as in this case, was afflicted with an incurable disease, from which he died after the time limit stated in the incontestable clause. Mutual Reserve Fund Life Asso. *v.* Austin, 142 Fed. 398 (6 L. R. A. (N. S.) 1064) ; Prudential Insurance Co. *v.* Connallon, 108 N. J. Eq. 316 (154 Atl. 729) ; Mauney *v.* Metropolitan Life Insurance Co., 180 N. C. 180 (104 S. E. 166), and cit.; 5 Cooley's Briefs on Insurance, 4483-4490, 4501-4508; 8 Id. Supp. 603, 604, 608-610; 5 Joyce on Insurance, 6094-6118 (§§ 3733-a to 3733-d) ; 37 C. J. 593, 594, §§ 276-286; 88 A. L. R. 773, notes. Thus if, as in the *Hollis* case, supra, a policy insuring against death and total disability explicitly excepts liability for total disability after the insured has attained the age of sixty years, no liability accrues for such cause after that age has been attained; but where, as here, the policy is comprehensive and prima facie protects against all causes of death, a provision such as here relied on merely gives to the insurer the right to contest the policy and have it declared inoperative on that ground. If, however, this be not done within the specified period of absolute contestability allowed, the insurer must be taken to have waived any such right on its part.

3. While the first question of the Court of Appeals assumes that the death of the insured occurred "over two years from the date of the policy" containing the clause as to its incontestability after that period from its date, and the second question assumes that death occurred "within" two years from such date, the rule as to incontestability after two years from the date of the policy would be the same in each case, since the limitation relates to the right of contest within a period of two years from the date of the policy, and does not exclude the time which might ensue without a con-

test subsequent to the death of the insured. Mutual Life Insurance Co. *v.* Hurni Packing Co., 263 U. S. 167 (44 Sup. Ct. 90, 68 L. ed. 235, 31 A. L. R. 102, 109 notes) ; Missouri State Life Insurance Co. *v.* Cranford, 161 Ark. 602 (257 S. W. 66, 31 A. L. R. 93), and cit.; 5 Cooley's Briefs on Insurance, 4490, 4491, and cit.; 37 C. J. 543, § 282.

4. By the great weight of authority, where an insured dies within the two-year period of contestability provided by an incontestable clause in the policy, a mere refusal within the two-year period to pay a claim, on the ground that the insurer is not liable, because of another provision in the policy, will not suffice to serve as a contest of liability. This is true for the reason that such a mere refusal to pay, while manifesting the insurer's conception of its rights and its purpose to maintain them, does not constitute an attack upon the validity of the continued protection afforded by the contract of insurance; and in order to do this, either some affirmative or defensive action in court is required. Rose *v.* Mutual Life Insurance Co. (C. C. A.), 19 Fed. 2d, 280, 282, and cit.; 8 Cooley's Briefs on Insurance, Supp. 4491, 4492, and cit.; 37 C. J. 540, and cit. See also *Penn Mutual Life Insurance Co.* v. *Childs,* 189 *Ga.* 835 (7 S. E. 2d, 907, 908), and cit., and *Whetstone* v. *N. Y. Life Insurance Co.,* 177 *Ga.* 24, 29 (169 S. E. 352), as to the procedure of a contest; American Life Insurance Co. *v.* Stewart, 300 U. S. 203 (57 Sup. Ct. 377, 81 L. ed. 605).

5. Under the preceding rules, both of the questions propounded by the Court of Appeals must be answered in the negative.

*All the Justices concur.*