## LOCKETT *v.* NATIONAL LIFE AND ACCIDENT INSURANCE COMPANY.

No. 13884.   JANUARY 22, 1942.

374

*C. N. Davie* and *C. D. Stewart,* for plaintiff in error.

*William F. Buchanan,* contra.

BELL, Justice. The insurance company, as plaintiff, sought the equitable relief of cancellation of four reinstatements of a policy issued upon the life of the defendant's husband, and of which she was made the beneficiary; all of such reinstatements having been made within two years before the suit was filed. The court over-ruled a general and special demurrer filed by the defendant beneficiary, and she excepted. Still other relief was prayed, but in our view of the case it is sufficient here to deal with it as if cancellation had been the only relief sought; and even as to that we will limit our ruling to the last reinstatement. We may properly do this, because if the petition stated a cause of action for any of the relief prayed, that is, for cancellation of even the last reinstatement, as we think it does, it was not error to overrule the general demurrer. · *Blaylock* v. *Hackel,* 164 *Ga.* 257 (5) (138 S. E. 333). It would seem that except for the last reinstatement the plaintiff could not be in need of equitable relief, as each previous rein-statement was followed by a lapse for non-payment of premiums.

The only contention presented in the brief of counsel for the beneficiary, the plaintiff in error, is that under the allegations of fact the plaintiff would have an adequate remedy at law, by con-testing liability on the ground of fraud in the procurement of the reinstatement, by way of defense to an action at law upon the policy.

While in part one of the brief counsel did refer to one ground of special demurrer, and stated that this ground was not abandoned, still there was no reference to it in part two containing the brief of law and argument, and therefore it must be treated as abandoned.

The original policy contained a clause providing in effect that as to fraud "the policy shall be incontestable after two years from its date of issue." The policy having been attached to the petition as an exhibit and made a part thereof, the incontestable clause so appearing is pleaded sufficiently for this court to deal with it as a part of the petition. *Hosher* v. *Fitzpatrick,* 146 *Ga.* 525 (82 S. E. 1065) ; Hardy *v.* Phœnix Mutual Life Insurance Co., 180 N. C.

180 (104 S. E. 366); Mutual Life Insurance Co. *v.* Buford, 61 Okla. 158 (160 Pac. 928).

If this clause is now applicable to the reinstatement just as it was to the original policy, then the case would be precisely the same as if the insurer on identical allegations of fraud was seeking to cancel the original policy within the period stipulated.

The effect of such an incontestable clause upon a reinstatement is a question which seems never to have been expressly decided by this court, although from the records of file the following appear to be physical precedents in favor of the view that the incontestable clause is renewed by the reinstatement and applies thereto, just as it did to the original policy. *Phillips* v. *New York Life Insurance Co.,* 173 *Ga.* 135 (159 S. E. 696); *New York Life Insurance Co.* v. *Hollis,* 177 *Ga.* 805 (171 S. E. 288). The problem here can not properly be solved without a direct ruling on such question, and in logical order it would seem to be the first point for determination.

In at least one jurisdiction it is the view of the courts that where the reinstatement takes place after expiration of the period limited in the incontestable clause as applied to the original policy, the insurer no longer has the right of contest for any cause covered thereby, not even as to the reinstatement. New York Life Insurance Co. *v.* Dandridge (Ark.), 149 S. W. 2d, 45, 134 A. L. R. 1519. In another State it has been held, in effect, that such a clause is not applicable for or against either party in reference to a reinstatement; so that if the reinstatement itself has no incontestable clause, the insurer may attack it for fraud at any time. Chuz *v.* Columbian National Life Insurance Co. (N. J.), 162 Atl. 395. There may be still other variations in the authorities. The great weight of authority, however, is to the effect that in the absense of anything either in the policy or the reinstatement to require a different construction, the incontestable clause is renewed on reinstatement of the policy, and applies to the reinstatement as to both parties in the same manner and to the same extent as it applied to the original policy. As a typical statement of this view, we quote from Teeter *v.* United Life Assurance Association, 159 N. Y. 411 (54 N. E. 72), as follows: "Had the original application contained any false statements, the defendant [after the two years specified in the incontestable clause] would have been

prevented by the terms of its contract from setting up their falsity as a defense to the action. . . And it seems to us, after an examination of the contract, that the defendant had two years after the reinstatement of the contract within which to investigate the condition of [insured's] health at the time of the making of the reinstatement certificate, and that after that time the policy again became incontestable." See also Pacific Mutual Life Insurance Co. *v.* Galbraith, 115 Tenn. 471 (91 S. W. 204, 112 Am. St. R. 862); Ash *v.* Fidelity Mutual Life Association, 26 Tex. Civ. App. 501 (63 S. W. 944); New York Life Insurance Co. *v.* Burris, 174 Miss. 658 (165 So. 116); Winer *v.* New York Life Insurance Co., 140 Fla. 534 (190 So. 894); Smith *v.* State Mutual Life Assurance Co., 331 Pa. 1 (199 Atl. 358); New York Life Insurance Co. *v.* Seymour, 45 Fed. 2d, 47 (73 A. L. R. 1523); New York Life Insurance Co. *v.* Odom, 93 Fed. 2d, 641. See also annotations in 94 A. L. R. 1200, and 134 A. L. R. 1525, where many decisions are cited and analyzed.

We here follow the weight of authority, believing that it represents the sounder view. Incidentally, it is in accord with the adjudications in *Phillips* v. *New York Life Insurance Co.*, and *New York Life Insurance Co.* v. *Hollis*, supra. See also New York Life Insurance Co. *v.* Odom, 93 Fed. 2d, 641, dealing with a transaction which arose in this State.

The result is that the incontestable clause contained in the original policy must be now treated as if it were a part of the reinstatement, allowing the insurer to contest the reinstatement on the ground of fraud, for the period of two years after its date, but no longer. The insured died within the period, but under the terms of the policy his death did not stop the running of the period stated in such incontestable clause. *Riley* v. *Industrial Life & Health Insurance Co.*, 190 *Ga.* 891 (11 S. E. 2d, 20); Henderson *v.* Life Insurance Co. of Va., 176 S. C. 100 (179 S. E. 680); Mutual Life Insurance Co. *v.* Hurni Packing Co., 263 U. S. 167 (44 Sup. Ct. 90, 68 L. ed. 235, 31 A. L. R. 102). Nor under this policy was the beneficiary obliged to sue within such period. It follows that if the insurer waited upon her election or pleasure, the incontestable clause might ripen and foreclose its defense before action by the beneficiary. In this situation the insurer had no adequate remedy at law, and could resort to equity. American

Life Insurance Co. v. Stewart, 300 U. S. 203 (57 Sup. Ct. 377, 81 L. ed. 605, 111 A. L. R. 1268).

The plaintiff in error relies upon *Barfield* v. *Pacific Mutual Life Insurance Co.*, 182 *Ga.* 704 (186 S. E. 735), and Enelow v. New York Life Insurance Co., 293 U. S. 384 (55 Sup. Ct. 310, 79 L. ed. 443). The present case differs on its facts from each of those cases. In the *Barfield* case the policy contained no limitation as to the time within which it could be contested for fraud in its procurement. The policy did provide that it should be "incontestable after one year from its date, as to the time of the happening of bodily injury or sickness causing disability commencing after such year and while this policy is in force," but this did not purport to be a stipulation of any kind as to fraud, or to prevent the insurer from contesting liability on that ground at any time. Accordingly, in that case the insurer could have awaited action by the beneficiary and could then have defended on the ground of fraud, no matter when such action might have been instituted; provided there was no waiver, estoppel, or other like bar, as against such defense. So in the *Barfield* case, it appeared that the insurance company would have had an adequate remedy at law to contest liability in an action at law on the policy; whereas, by reason of difference in the incontestable clauses, the company here did not have such remedy.

In *Penn Mutual Life Insurance Co.* v. *Childs*, 189 *Ga.* 835 (7 S. E. 2d, 907), it appeared from the petition that suit had already been instituted upon the policy at the time the suit in equity was filed. This was enough to show that the insurer in that case also had an adequate remedy at law by defending such action. The Enelow case, 293 U. S. 384, supra, is distinguished from the present case on the same ground as the *Childs* case.

Counsel for the beneficiary also asks that we decline to follow the decision of the Supreme Court in the Stewart case, 300 U. S. 203, supra, saying that we are not bound thereby, inasmuch as it does not deal with a Federal question. Whether it is binding or not, we consider it sound.

The petition stated a cause of action, and the court did not err in overruling the general demurrer.

In the brief of counsel for the plaintiff in error it is stated that as a matter of fact "there is now pending" a suit on the policy.

This, of course, can not affect the present inquiry, as the petition for cancellation alleged that no such suit was pending at the time the present suit was instituted. See American Life Insurance Co. *v.* Stewart, 300 U. S. 203, supra.

*Judgment affirmed. All the Justices concur.*