## NATIONAL LIFE AND ACCIDENT INSURANCE COMPANY *v.* PRESTON.

No. 14136. SEPTEMBER 22, 1942.

*William F. Buchanan,* for plaintiff. *Hall & Bloch,* for defendant.

ATKINSON, Presiding Justice. On October 11, 1941, National Life and Accident Insurance Company brought a suit in equity against Mrs. Amie R. M. Preston, seeking to cancel a policy of insurance issued on the life of James R. Preston, Senior, deceased, in which the defendant was the named beneficiary; seeking also a decree that the insurer's liability should be the amount of two premiums paid; and for such other relief as might seem proper. The

defendant filed her demurrers, as amended, on the grounds: (1) That there was no equity in the petition. (2) That under the allegations the complainant is not entitled to the relief sought. (3) That a full and complete remedy is provided by law. The demurrers were sustained and the action dismissed. The plaintiff excepted.

The petition alleged, that the policy was issued on September 10, 1940; two quarterly premiums were paid; that the insured died on March 5, 1941; that certain representations by him as to his physical condition and treatment by physicians, made in his application attached to the policy, were false and material, by reason of which the policy was void; that the policy contains a clause which provides that "Except for non-payment of premium, except for self-destruction as aforesaid, . . this policy shall be incontestable after being in force during the insured's lifetime for a period of two years from its date of issue;" that the chief witnesses of petitioner are physicians and nurses, who may move or who may die, and whose testimony it is necessary that petitioner have in order to establish its right to relief; that petitioner offered to return to the beneficiary the two quarterly premiums, which she refused; that no suit has been brought by the beneficiary; and that petitioner has no adequate remedy at law.

As a general rule, equity does not have jurisdiction of a suit by an insurer against a beneficiary of a deceased insured, to cancel a policy of life insurance on the ground that the insurance was procured upon false and material representations by the insured as to his physical condition and treatment by physicians, because the insurer has an adequate and complete remedy in defending such suit at law as may be brought upon the policy. *Barfield* v. *Pacific Mutual Life Insurance Co.*, 182 *Ga.* 704 (186 S. E. 735) ; *Cook* v. *Volunteer State Life Insurance Co.*, 180 *Ga.* 282 (3), 285 (178 S. E. 657) ; *Penn Mutual Life Insurance Co.* v. *Childs*, 189 *Ga.* 835 (7 S. E. 2d, 907) ; Enelow *v.* New York Life Insurance Co., 293 U. S. 379 (55 Sup. Ct. 310, 79 L. ed. 440) ; Cotton States Life Insurance Co. *v.* Cunningham, 141 Miss. 474 (106 So. 766) ; Ætna Life Insurance Co. *v.* Daniel, 328 Mo. 876 (42 S. W. 2d, 584) ; National Life & Accident Insurance Co. *v.* Propst, 219 Ala. 437 (122 So. 656). An exception to the rule stated above is recognized in cases where the policy contains a clause providing that it

shall be incontestable within a specified time from the date of its issuance, making it necessary for the insurer to proceed in equity to cancel the policy in order that the right to assert non-liability might not be endangered by lapse of time. *Lockett* v. *National Life & Accident Insurance Co.,* 193 *Ga.* 372 (18 S. E. 2d, 550); American Life Insurance Co. *v.* Stewart, 300 U. S. 203 (57 Sup. Ct. 377, 81 L. ed. 605); Jefferson Standard Life Insurance Co. *v.* McEntire, 294 Fed. 886 (3). In the cases last cited the incontestable clause in each by the terms thereof made the incontestable period run from the date the policy was issued until a specified time, and there were no qualifying words making the incontestable clause applicable "after being in force [for such period] during the insured's lifetime." In the instant case the material portion of the incontestable clause reads as follows: "Except for non-payment of premium when due, except for self-destruction as aforesaid, . . this policy shall be incontestable *after being in force during the insured's lifetime for a period of two years from its date of issue."* (Italics ours.) Numerous authorities from other jurisdictions hold that the clause of a life-insurance policy, providing that it shall be incontestable after being in force during the lifetime of the insured for a specified time, requires that the insured live for such time after the policy comes into force, and is inapplicable where the insured dies within such period, and is not a ground for intervention of equity by a suit to cancel the policy for fraud in its procurement. Ætna Life Insurance Co. *v.* Kennedy, 31 Fed. 2d, 971; Northwestern Mutual Life Insurance Co. *v.* Laury, 174 Minn. 498 (219 N. W. 759), and cit.; Bankers Life Co. *v.* Bennett, 220 Iowa, 922 (263 N. W. 44). We think the rule announced by these authorities is sound. Under the plain terms of the incontestable clause in those cases and in the one now under consideration, the condition upon which it is to become applicable is not met when the insured does not live for the required length of time after the date of the issuance of the policy; and in that event such clause can not be a basis for equitable action by the insurer against the beneficiary, to cancel the policy for fraud in its procurement.

Although in American Life Insurance Co. *v.* Stewart, supra, it was held: "No action at law having been brought on the policy, an insurer whose attack upon the ground of fraud is endangered by

the running of time limited by the policy for contest may sue in equity for cancellation," that case involved an incontestable clause with "the provision that the policy shall be incontestable after the lapse of two years," and is distinguishable from the present case, for the reasons above pointed out. But in the Stewart case, supra, the court in its opinion said: "'Where equity can give relief, plaintiff ought not to be compelled to speculate upon the chance of his obtaining relief at law.' Davis v. Wakelee, 156 U. S. 680, 688 [15 Sup. Ct. 55, 39 L. ed. 578]. To this must be added the danger that witnesses may disappear and evidence be lost." From an examination of the Stewart case it appears that it was not necessary for the court to reach its conclusion and decision on the basis that the witnesses might disappear and evidence be lost. In National Life & Accident Insurance Co. v. Propst, supra, it was held: "Contention that, if insurer is not allowed to file bill for cancellation of insurance policy, evidence may be lost by delay in institution of action at law by beneficiary, *held* without merit, in view of Code, 1923, § 7778 et seq., providing for perpetuation of testimony." In this State we likewise have a statute providing for perpetuating testimony (Code, § 38-1401 et seq.), which affords ample protection and makes a suit in equity unnecessary merely to preserve testimony. In *Barfield* v. *Pacific Mutual Life Insurance Co.,* supra, where it was alleged in the petition "that the witnesses whose testimony is necessary to prove the misrepresentations may not be available if plaintiff delays bringing an action to cancel the policy, one of such witnesses being in a 'bad state of health'," this court held that the petitioner had an adequate remedy at law and could not proceed in equity to cancel a policy of life insurance for fraud in its procurement. Upon the foregoing principles the judge did not err in sustaining the defendant's demurrers and dismissing the action. *Judgment affirmed. All the Justices concur.*