## WEEMS *v.* AMERICAN NATIONAL INSURANCE COMPANY.

No. 14770. MARCH 8, 1944. REHEARING DENIED MARCH 20, 1944.

494

· *J. F. Kelly* and *James Maddox,* for plaintiff in error.

*Barry Wright* and *Carlton Wright,* contra.

WYATT, Justice. (After stating the foregoing facts.) ■ While the general demurrer challenges the petition as being without equity, it is not contended that the insurance company is not entitled to maintain an action of this particular nature. It is well settled that a court of equity is open to an action by an insurer against the beneficiary of a deceased insured to rescind a policy of insurance on the ground that the insurance was procured by the fraud of the insured, where the policy provides that its validity may be contested within a specified time next after its issue date, and the insured dies within the contestable period. *Lockett* v. *National Life and Accident Ins. Co.,* 193 *Ga.* 372 (18 S. E. 2d, 550); *National Life and Accident Ins. Co.* v. *Preston,* 194 *Ga.* 583 (22 S. E. 2d, 157). This relief in equity is recognized, since the death of the insured within the contestable period does not stop the running of the limitation stated in the incontestable clause (*Riley* v. *Industrial Life & Health Ins. Co.,* 190 *Ga.* 891, 11 S. E. 2d, 20; *Lockett* v. *National Life and Accident Ins. Co.,* supra), and the insurer's ability to defend on the ground of fraud in the procurement is subject to the will and pleasure of the beneficiary in bringing a suit on the policy within the contestable period.

■ One of the questions raised by the demurrer is a nonjoinder of parties defendant, on the contention that the representative of

the estate of Robert H. Weems, the deceased insured, should have been named as a party defendant, and that the tender of the premium paid on the policy should have been made to such representative, and not to Asa F. Weems, the beneficiary. As far as we have been able to determine, this precise question, with a single exception, has not been considered by this court. In *Jefferson Standard Life Ins. Co.* v. *Fendley,* 182 *Ga.* 661 (186 S. E. 722), the question was raised by the court in determining whether it had jurisdiction of the case. A beneficiary of an insurance policy had brought suit against the insurer on the policy after the death of the insured, and prayed for a judgment for the amount of the policy. In its answer the defendant alleged an election to rescind the policy of insurance on the ground of alleged misrepresentation of facts by the insured in procuring the policy, and prayed for a judgment and decree canceling the policy of insurance, and adjudging it to be void and of no effect; for an injunction preventing the plaintiff from filing any other suit on the policy; and for general relief. The representative of the estate of the insured was not a party to that case. After a verdict for the plaintiff and the overruling of a motion for new trial, the case came to this court, which held that the matters relied on could be set up by the insurer as a defense, and if successful, the judgment would be conclusive against further enforcement of the insurance policy. It was further held that the relief sought by way of rescission and cancellation of the policy, injunction to prevent the plaintiff from filing any further suit on the policy, etc., was affirmative in character; and that to have rescission, the legal representative of the insured would be a necessary party. In the instant case, the defendant in error contends that the ruling there made was purely obiter dicta. With this contention we can not agree. An examination of the record in that case, on file in the office of the clerk of this court, discloses that counsel there were invited to file special briefs on the question of jurisdiction. After the judgment of this court transferring the case to the Court of Appeals, the plaintiff in error filed a motion for rehearing attacking the ruling on this very point. The motion was denied. Whether or not the case was properly transferred, the question was passed upon. While we are not bound to follow the ruling there made, since it was a decision of only five justices (*Rogers* v. *Carmichael,* 184 *Ga.* 496,

508, 192 S. E. 39), yet if it enunciates a correct and sound rule, this court will not hesitate to follow and reiterate it.

If the insurance contract in the instant case was valid, the beneficiary upon the death of the insured had a vested interest in the policy. Conversely, if for any reason the policy is held to be void, the beneficiary is without any right or interest therein. The beneficiary's rights and interest depend upon the existence and validity of the contract. If there is rescission, there is no contract. If there is no contract, there is no right. If it should be adjudged in a proceeding that the contract was infected with fraud, and the policy of insurance would not have been issued, it would thereby also be adjudicated that the beneficiary would have no right whatever in the policy. Now, before a rescission can be had at the instance of the insurer, the insurer must restore or offer to restore to the other party whatever it has received by virtue of the contract, if it be of any value. Code, § 20-906. An election to rescind because of fraud in the procurement is an assumption of a position that the contract was void ab initio, or that it never in fact existed, and under such contention the beneficiary, never having acquired any right because of the non-existence of the contract, would not have the right to the premium paid by the insured for the purchase of the insurance. Unless the policy itself provides for the disposition of the premiums paid by the insured in the event of the failure of the contract to go into effect, the only person entitled to the return of the premium paid would be the insured himself. If the insured is dead, his legal representative would be so entitled. And upon an election by the insurer to rescind, the offer to restore, as required by the Code, § 20-906, must be made to the other party, or if he be dead, to the person legally entitled to act in his behalf. By the same process of reasoning, in an action to rescind by the insurer, the other party or his legal representative, as the case may be, should be made a party to the proceeding in order that he may be afforded an opportunity to defend against the accusation that he had committed a fraud. We think the rule laid down in the case of *Jefferson Standard Life Ins. Co.* v. *Fendley,* supra, is fundamentally sound, and that the principle there stated is applicable to the present case.

The insurer having failed to allege a tender of the premiums to the legal representative of the deceased insured, and having failed

to make such representative a party to the case, and no reason having been shown why he was not named a party, the lower court erred in overruling the demurrer complaining of a nonjoinder of parties defendant and a failure to tender the premium to the legal representative of the insured's estate. Under this ruling, it becomes unnecessary to pass upon the other grounds of demurrer.

*Judgment reversed. All the Justices concur.*