32370.   TORRENCE *v.* THE AMERICAN HOME MUTUAL LIFE INSURANCE CO.

DECIDED FEBRUARY 24, 1949.

*A. T. Walden, Edward S. D'Antignac,* for plaintiff.

*Bryan, Carter & Ansley,* for defendant.

TOWNSEND, J. (After stating the foregoing facts.) Originally this suit was based on two insurance policies issued by the defendant to the same insured and providing for the same beneficiary. One of said policies, No. 367211-M in the amount of $431 contained the provision that it shall be incontestable after it shall have been in force *during the lifetime of the insured* for two years from the date of the issue. The other policy, No. 370104 in the amount of $500 contained the provision hereinbefore referred to that after the policy has been continuously in force for a period of not less than two years, any natural death benefit payable under it shall be incontestable except for the nonpayment of premiums.

Counsel for the plaintiff point out in their brief that they have abandoned their client's claim on policy No. 367211-M because of that part of the incontestable provision set forth in italics herein, in view of the adverse holding of the Supreme Court in *National Life & Accident Insurance Co.* v. *Preston,* 194 *Ga.* 583

(22 S. E. 2d, 157). See also *Weems* v. *American National Life Ins. Co.*, 197 *Ga.* 493 (29 S. E. 2d, 500). They insist however, that the plaintiff is entitled to recover under the authority of *Riley* v. *Industrial Life &c. Insurance Co.*, 190 *Ga.* 891 (11 S. E. 2d, 20) which case was certified by this court to the Supreme Court. The policy in the *Riley* case contained an incontestable clause as follows: "This policy shall be incontestable after two years from its date except for nonpayment of premiums." This court certified the following question: "If the insured died within two years of the date of the policy and proof of death was filed immediately, and the company refused to pay the claim on the ground that the insured was afflicted with a fatal disease on the date of the policy from which she died, the refusal to pay having been in ample time to allow a suit on the policy to be filed before the expiration of two years from the date of the policy, in a suit on the policy after two years from the date of the policy, will the insurance company be permitted to contest the policy on the ground that the insured was afflicted with a fatal disease on the date of the policy, from which she died?" The Supreme Court answered this question in the negative.

We can see no substantial difference in the meaning of the incontestable clause herein referred to as contained in the insurance policy in the instant case and the incontestable clause herein quoted from the *Riley* case, supra. These incontestable clauses differ from the incontestable clause contained in *National Life &c. Ins. Co.* v. *Preston,* supra, in that in the latter case in order to become incontestable the policy of insurance must have been of force *during the insured's lifetime* for a period of two years from the date of the policy, whereas in the instant case and in the *Riley* case, no reference is made to the insured's lifetime in the incontestable clauses.

In the instant case the insured died in less than two years from the date of the policy. Proof of death was immediately submitted, and before the expiration of two years from the date of the policy, the company tendered the premiums that had been paid by the insured, claiming that the refund of the premiums was the extent of its liability under a provision of the policy, reference to which has hereinbefore been made. This tender and the denial of further liability did not suffice to serve as a contest

of liability. In the *Riley* case, supra, under division 4, p. 894, the Supreme Court held as follows: "By the great weight of authority, where an insured dies within the two-year period of contestability provided by an incontestable clause in the policy, a mere refusal within the two-year period to pay a claim, on the ground that the insurer is not liable, because of another provision in the policy, will not suffice to serve as a contest of liability. This is true for the reason that such a mere refusal to pay, while manifesting the insurer's conception of its rights and its purpose to maintain them, does not constitute an attack upon the validity of the continued protection afforded by the contract of insurance; and in order to do this, either some affirmative or defensive action in court is required." See Rose *v.* Mutual Life Insurance Co., 19 Fed. 2d, 280, 282, and cit.; 8 Cooley's Briefs on Insurance, Supp. 4491, 4492, and cit.; 37 C. J. 540, and cit. See also *Penn Mutual Life Ins. Co.* v. *Childs,* 189 *Ga.* 835 (7 S. E. 2d, 907), and cit., and *Whetstone* v. *N. Y. Life Ins. Co.,* 177 *Ga.* 24, 29 (169 S. E. 352), as to the procedure of a contest, American Life Ins. Co. *v.* Stewart, 300 U. S. 203 (57 Sup. Ct. 377, 81 L. ed. 605, 111 A. L. R. 1268).

Nothing to the contrary is held in *National Life &c. Ins. Co.* v. *Preston,* supra. There the Supreme Court held that under the plain terms of the incontestable clause to the effect that the policy shall be incontestable after being in force *during the lifetime of the insured* for two years, the condition upon which the incontestable clause is to become applicable is not met when the insured does not live for the required length of time after the date of the issuance of the policy, and that therefore, the insurance company did not need to go into a court of equity to cancel the policy because it had the adequate remedy at law of defending the policy under its terms. In that case in headnotes 1, 2, and 3, the Supreme Court held as follows: "1. As a general rule, equity does not have jurisdiction of a suit by an insurer against a beneficiary of a deceased insured, to cancel a policy of life insurance on the ground that the insurance was procured upon false and material representations by the insured as to his physical condition and treatment by physicians, because the insurer has an adequate and complete remedy in defending such suit at law as may be brought upon the policy. 2. An exception

to the rule stated above is recognized where the policy contains a clause providing that it shall be incontestable within a specified time from the date of the issuance of the policy, making it necessary for the insurer to proceed in equity to cancel the policy in order that the right to assert non-liability might not be endangered by lapse of time. 3. Where a policy of life insurance contains a clause that it 'shall be incontestable after being in force during the insured's lifetime for a period of two years from its date of issue,' such clause is inapplicable where the insured dies within such period, and is not a ground for intervention of equity by a suit to cancel the policy for fraud in its procurement."

The incontestable clause contained in the insurance policy in the instant case does not fall within the rule stated in *National Life &c. Ins. Co.* v. *Preston,* supra, but is controlled by *Riley* v. *Industrial Life & Health Insurance Co.,* supra.

The petition did not set forth a cause of action as to policy No. 367211-M, but does set forth a cause of action as to policy No. 370104, and therefore the trial court erred in overruling the motion for a new trial.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*