19862

George McDonald JERVEY, Executor of the Estate of Susie McDonald Tanton, Respondent, v. MINNESOTA MUTUAL LIFE INSURANCE COMPANY, Appellant.

(207 S. E. (2d) 90)

*Messrs. Grimball & Cabaniss,* of Charleston, *for Appellant.*

*Messrs. Bailey & Buckley,* of Charleston, *for Respondent.*

July 16, 1974.

*Per Curiam:*

This appeal from an order sustaining a demurrer to the answer involves the construction of a statutory incontestable clause in a policy of group life insurance, in the light of the provisions of Code Sections 37-161, 37-162, 37-307, and 37-307(2).

Section 37-307 directs that the following incontestable clause shall be inserted in every group life insurance policy issued in this State:

"A provision that the validity of the policy shall not be contested, except for nonpayment of premiums, after it has been in force for *two years from its date of issue* and that no statement made by any person insured under the policy relating to his insurability shall be used in contesting the validity of the insurance with respect to which such statement was made after such insurance has been in force prior to the contest for a period of *two years during such person's lifetime* nor unless it is contained in a written instrument signed by him." (Emphasis added).

The first clause of the quoted section provides that the validity of a policy of group life insurance shall not be contested for any reason after two years *from the date of issue,* except for nonpayment of premiums, which would include statements as to insurability. The second clause provides that the validity of such policies shall not be contested because of statements of the insured relating to insurability after the policy has been in force for two years *during the insured's lifetime.*

The policy or certificate of insurance involved is not a part of the record and the particular form of the incontestable clause contained therein is, therefore, not before us. If the clause follows the language of Section 37-307(2), questions may arise as to whether the two contestable time periods contained in the statute present an ambiguity and, if so, the proper construction to be placed upon the statutory clause, including the proper rules to be applied in resolving such ambiguity.

The resolution of the foregoing questions could conceivably affect the decision of others presented in this appeal. We have, therefore, concluded that an orderly and final disposition of all issues in the case can best be accomplished upon a trial of the case on the merits, with the policy in

question before the court. *Springfield v. Williams Plumbing Supply Co.,* 249 S. C. 130, 153 S. E. (2d) 184.

The order of the lower court sustaining the demurrer is accordingly reversed, without prejudice to the rights of the parties to litigate all issues on the trial of the case.

Reversed and remanded.