## 20736

Beulah B. WRIGHT, Respondent, v. The MINNESOTA MUTUAL LIFE INSURANCE CO., Appellant.

(246 S. E. (2d) 866)

212

E. Ellison Walker, of McKay, Sherrill, Walker & Townsend, Columbia, for appellant.

*Ronald C. Dodson* of *Kirkland, Aaron & Alley,* Columbia, *for respondent.*

August 9, 1978.

GREGORY, Justice:

Respondent Beulah B. Wright brought this action against appellant, The Minnesota Mutual Life Insurance Co., [Minnesota Mutual] to recover the proceeds of a certificate of insurance insuring her husband, Ernest Wright, under a group life insurance policy issued to August Kohn and Company, Inc. [August Kohn]. This appeal is from the order of the lower court granting Mrs. Wright's motion for summary judgment on the ground the action is barred by the policy's two year incontestability clause. We hold the certificate of insurance is not incontestable and reverse.

Minnesota Mutual issued a policy of group life insurance to August Kohn under which Minnesota Mutual agreed "to insure the lives of persons indebted to the Policyholder (August Kohn) for loans on homes or other real estate."

Mr. Wright applied for life insurance under this policy on January 14, 1973 and was issued a certificate of insurance effective February 7, 1973. The group policy contains the following clause that is required by Section 38-31-10(2), 1976 Code of Laws of South Carolina, to be contained in each policy of group life insurance delivered in this state:

INCONTESTABILITY. The validity of the policy shall not be contested, except for nonpayment of premiums, after it has been in force for two years from its date of issue; and no statement made by an Insured Debtor relating to his insurability shall be used in contesting the validity of the insurance with respect to which such statement was made after such insurance has been in force prior to the contest for a period of two years during such Insured Debtor's lifetime, nor unless it is contained in a written application signed by him.

Mr. Wright died eighteen months later on August 8, 1974, six months before the expiration of the two year period.

Mrs. Wright initiated this action in April 1976 after Minnesota Mutual refused to pay the proceeds of the certificate of insurance. Minnesota Mutual defended on the ground that Mr. Wright knowingly made material misrepresentations as to the condition of his health in his application for insurance coverage under the group policy.

Mrs. Wright moved for summary judgment alleging that Minnesota Mutual was barred by the incontestability clause from contesting the validity of the certificate of insurance. The lower court granted Mrs. Wright's motion for summary judgment and this appeal by Minnesota Mutual followed.

On appeal from an order of the lower court granting respondent's motion for summary judgment this Court will review the evidence and all reasonable inferences therefrom in the light most favorable to appellant. Summary judgment should be granted only when it is clear that no genuine issue as to any material fact is involved and the moving party is entitled to a judgment as a matter of law. *Hyder v. Jones,* S. C., 245 S. E. (2d) 123 (1978).

This controversy centers around the two provisions of the incontestability clause of the policy. The first provision states "the validity of the policy shall not be contested, except for nonpayment of premiums, after it has been in force for two years from its date of issue." The second provision states that no statement made by a person insured under the policy "relating to his insurability shall be used in contesting the validity of the insurance with respect to which such statement was made after such insurance has been in force prior to the contest for a period of two years" during the lifetime of the person insured under the policy. The word "contest" as used in each of these provisions means some affirmative or defensive action taken in

court to avoid the insurance. *Parker v. Progressive Life Ins. Co.*, 235 S. C. 96, 110 S. E. (2d) 5 (1959).

The construction of this incontestability clause was previously before this Court in *Jervey v. Minnesota Mutual Life Insurance Co.*, 262 S. C. 655, 207 S. E. (2d) 90 (1974). Because of the posture of the appeal in *Jervey* we remanded the case to the circuit court without interpreting the provisions of the clause.

In this appeal Mrs. Wright argues that the absolute language of the first provision controls and bars any attempt by Minnesota Mutual to contest the validity of the insurance certificate.

Minnesota Mutual argues that the second provision controls and that its attempt to contest the validity of the certificate of insurance is not barred since Mr. Wright died before the insurance had been in force for two years.

In *Taylor v. American Heritage Life Insurance Co.*, 448 F. (2d) 1375 (4th Cir. 1971) the Fourth Circuit Court of Appeals construed an identical incontestability clause contained in a policy of group life insurance delivered in Virginia. Mr. Taylor was a member of the Fleet Reserve Association to which American Heritage had issued a policy of group life insurance. Mr. Taylor was insured under the group policy and was issued a certificate of insurance. He died less than one year after the certificate was issued. In *Taylor,* as here, the validity of the certificate issued under the group policy was not contested by the insurance company until more than two years after the date of issue.

The court in *Taylor* held that the first provision of the incontestability clause referred only to the group policy issued by the insurance company, and that the second provision referred to the individual certificates of insurance issued under the group policy. The court stated:

As we interpret the incontestability clause both sentences are to be given force and effect; they are not conflicting and

neither is to be disregarded. Plaintiff's [Mrs. Taylor's] claim under the individual insurance certificate issued to Jacob Taylor is contested here and we hold that only the second sentence of the incontestability clause is pertinent to the certificate. It follows that the certificate was not incontestable since Mr. Taylor did not live for two years after its date of issuance. 448 F. (2d) at 1378.

See also: *George Washington Life Insurance Co. v. Adams*, 514 S. W. (2d) 205 (Ky. 1974) ; *Downs v. Prudential Insurance Company of America*, 130 N. J. Super. 558, 328 A. (2d) 20 (1974).

█ Here, the two provisions of the incontestability clause are not inconsistent and each may be given effect.

The first provision refers specifically to the group policy issued to August Kohn, while the second provision refers to certificates of insurance issued under the group policy to persons indebted to August Kohn. The distinction between these references is material.

The validity of the group policy issued to August Kohn cannot be contested after two years except for nonpayment of premiums. Under the terms of the group policy, the monthly premium paid by August Kohn to Minnesota Mutual is the sum of "monthly contributions" paid to August Kohn by the persons insured under the group policy.

█ The validity of individual certificates of insurance issued under the group policy cannot be contested on the basis of statements made by the insured relating to his insurability after the insurance has been in force for two years during the lifetime of the insured. While the weight of authority is to the effect that the insured's death does not stop the running of a contestable period and the insurer must contest the insurance within the time remaining or be barred entirely, *Henderson v. Life Insurance Co. of Virginia*, 176 S. C. 100, 179 S. E. 680 (1935), an exception to that rule is recognized where the insurance provides

it will be incontestable after being in force for a specified time *during the insured's lifetime.* Vol. I Appleman, Insurance Law and Practice § 318 (1965); *National Life & Accident Ins. Co. v. Preston,* 194 Ga. 583, 22 S. E. (2d) 157 (1942); *Taylor v. American Heritage Life Ins. Co., supra; George Washington Life Ins. Co. v. Adams, supra; Downs v. Prudential Insurance Co. of America, supra.* Under the plain terms of the second provision of the incontestability clause, the condition upon which the provision is made applicable is not met if the insured does not live for the required length of time.

Minnesota Mutual does not contest the validity of the group policy delivered to August Kohn; it contests only the validity of the certificate of insurance issued to Mr. Wright under the group policy. Thus, the second provision of the clause controls and the validity of the certificate of insurance issued to Mr. Wright is not incontestable because the insurance was not in force for a period of two years during his lifetime. The lower court erred by holding Mrs. Wright was entitled to judgment as a matter of law.

Accordingly, the order of the lower court granting respondent's motion for summary judgment is reversed and the case remanded for trial.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.