23742

Richard J. RAPAK, Appellee v. COMPANION LIFE
INSURANCE COMPANY, Appellant.

(424 S.E. (2d) 486)

Supreme Court

*D. Cravens Ravenel* of *Baker, Barwick, Ravenel and Bender,* Columbia, *for appellant.*

*Robert P. Wood* of *Sherrill & Rogers,* Columbia, *for appellee.*

Heard Sept. 22, 1992; Decided Nov. 30, 1992.

Reh. Den. Jan. 6, 1993.

MOORE, Justice:

The following question is before us on certification from the United States Court of Appeals for the Fourth Circuit:

> Whether an incontestability clause contained in an employer-funded group life insurance policy bars the insurer from defending its decision not to pay death benefits on the ground that an express condition of coverage that the insured be a full-time employee was not met because the insured was not employed by the employer at the inception of coverage or at any time thereafter.

## FACTS

The decedent in this case, Mrs. Rapak, was employed full-time with White Oak Manor (Employer) from 1970 until August 1982 when she discontinued work because of the onset of a terminal illness. Employer subsequently applied to appellant (Insurer) for a $50,000 increase in benefits under its existing group life insurance policy from $4,000 to $54,000. Full-time employment was an express condition of eligibility for this increase. Employer submitted a list of eligible employees that included Mrs. Rapak although she never returned to work after August 1982. Employer's misrepresentation was motivated by "humanitarian concern" for Mrs. Rapak in return for her faithful service. The policy supplement with increased benefits was issued in September 1983.

Mrs. Rapak died in September 1987. Employer submitted a claim on behalf of appellee (Mr. Rapak) for death benefits in the amount of $54,000. Insurer allowed the claim for only $4,000 after noting that the claim form indicated Mrs. Rapak was last employed in August 1982.

This policy contains the following incontestability clause:

*After this policy has been in force for a period of two years, it shall become incontestable as to statements of the Policyholder contained in the application;* and no statement made by an employee relating to his insurability shall be used in contesting the validity of the insurance with respect to which such statement was made, after the insurance has been in force during [the] lifetime of the insured prior to the contest for a period of two years nor unless it is contained in a written instrument signed by him and a copy of the instrument containing the statement is or has been furnished to such person or beneficiary.

## ISSUE

Does the incontestability clause apply to prevent a challenge to coverage in this case?

## DISCUSSION

S.C. Code Ann. § 38-65-210(2) (1989) requires all group life insurance policies to contain:

(2) A provision that the validity of the policy may not be contested, except for nonpayment of premiums, after it has been in force for two years from its date of issue and that no statement made by any person insured under the policy relating to his insurability may be used in contesting the validity of the insurance with respect to which the statement was made after the insurance has been in force before the contest for a period of two years during the person's lifetime nor unless it is contained in a written instrument signed by him.

This Court has interpreted this statute to require: (1) that *validity of the group policy* cannot be contested after two years except for nonpayment of premiums; and (2) that the *validity of an individual's coverage* cannot be contested based on his own statements after the policy has been in effect two years during the individual's lifetime. *Wright v. Minnesota Mut. Life Ins. Co.*, 271 S.C. 211, 246 S.E. (2d) 866 (1978).

Insurer relies on this distinction between a challenge to the validity of the master policy and a challenge to an individual's coverage to argue that the incontestability clause does not

apply in this case. Insurer argues because it is not contesting the validity of the master policy nor is it using the insured's statement to attack the individual's coverage, no two-year period applies.

We note that Insurer's construction of § 38-65-210 flies in the face of the express provision that it is intended to be "more favorable to the persons insured or at least as favorable to the persons insured and more favorable to the policyholder." The statute, in other words, gives priority to the group policyholder and the individual insured over the insurer. To the contrary, Insurer's construction would deprive an individual insured of the security of an incontestability clause when the challenge to individual coverage is made based on statements by the group policyholder rather than statements of the individual insured.

While there is a split of authority on the interpretation of language similar to § 38-65-210(2) regarding what falls within the prohibition against an attack on the "validity" of the policy,[1] we need not construe this statutory language to answer the question before us. In this case, the policy itself expressly provides a two-year contestability period "as to statements of the Policyholder" rather than simply providing for contestability regarding "the validity of the policy" as the statute does. This provision of the policy embodies a construction of § 38-65-210(2) most favorable to the individual insured and will therefore be given effect. Since Mrs. Rapak's employment status was certified by statement of the policyholder (Employer), it became incontestable after two years from inception of the supplemental policy.

Certified questions answered.

HARWELL, C.J., and CHANDLER and FINNEY, JJ., concur.

TOAL, J., not participating.

---

[1] *Compare Simpson v. Phoenix Mut. Life Ins. Co.*, 24 N.Y. (2d) 262, 299 N.Y.S. (2d) 835, 247 N.E. (2d) 655 (1969) (applying incontestability to employment status because it is a fact that could have been discovered at the time the policy was issued) *and Crawford v. Equitable Life Assurance Soc.*, 56 Ill. (2d) 41, 305 N.E. (2d) 144 (1973) (allowing a contest to validity because employment is a condition of "eligibility" for coverage under a group policy).