[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 14, 2012
JOHN LEY
CLERK

_____

No. 11-12188

_____

D.C. Docket No. 1:08-cv-03220-GET


PHL VARIABLE INSURANCE COMPANY,

                                                          Plaintiff - Appellant,

versus


THE FAYE KEITH JOLLY IRREVOCABLE
LIFE INSURANCE TRUST,
through its trustee Kenneth E. Shapiro, Esq.,

                                                          Defendant - Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 14, 2012)

Before BARKETT, HULL, Circuit Judges, and HINKLE,* District Judge.

PER CURIAM:

PHL Variable Insurance Company ("PHL") appeals the denial of its motion for summary judgment and the grant of summary judgment in favor of the Faye Keith Jolly Trust ("the Trust").[1] PHL sued both Jolly and the Trust for negligent misrepresentation of Jolly's assets on the insurance application for a $10 million life insurance policy.[2] PHL sought rescission of the insurance contract and retention of the insurance premiums paid by the Trust under the contract. Jolly defaulted on PHL's claims against him, and on the basis of the default, the district court rescinded the insurance policy, but denied PHL's claims for damages and to retain the paid premiums, which the district court held in the registry of the court pending the outcome of PHL's appeal.[3]

---

* Honorable Robert L. Hinkle, United States District Judge for the Northern District of Florida, sitting by designation.

[1] We review cross-motions for summary judgment de novo, viewing the facts in the light most favorable to the non-moving party on each motion. Am. Bankers. Ins. Group v. United States, 408 F.3d 1328, 1331 (11th Cir. 2005). Because "[s]tate law governs a diversity action concerning the interpretation of an insurance contract," and the PHL insurance policy is governed by Georgia law, we must apply Georgia law in interpreting PHL's insurance contract. Fernandez v. Bankers Nat'l Life Ins. Co., 906 F.2d 559, 564 (11th Cir. 1990).

[2] Faye Keith Jolly is not involved in this appeal.

[3] PHL seeks return of the premiums amounting to $484,843, the commissions PHL paid to the insurance broker who sold the policy, and the attorneys' fees PHL paid in the course of this litigation.

2

PHL first claims that by signing the application, the Trustee, Kenneth Shapiro, falsely stated on behalf of the Trust (1) that he had reviewed the application before signing it, and (2) that the statements in the application regarding Jolly's assets were "those of the proposed insured." The provision upon which PHL relies reads as follows:

> I have reviewed this application, and the statements made herein are those of the proposed insured and all such statements made by the proposed insured in Part I or and in Part II of this application are full, complete, and true to the best knowledge and belief of the undersigned and have been correctly recorded.

PHL claims that Shapiro admitted he had never reviewed the sections of the application displaying Jolly's income and assets, however, that was not Shapiro's testimony. At most, Shapiro testified in deposition that his general practice was to read and rely on the information presented in an insurance application, and testified that he believed that he did so in this case. Similarly, although PHL claims that Shapiro lacked any basis for affirming that Jolly had made the statements in the application, Shapiro specifically testified that he had seen Jolly's signature on the application before Shapiro signed it himself.[4] PHL has not met its burden of showing that Shapiro failed to read the document.

---

[4] Shapiro testified that he may not have "noticed" or "focused on" the representation of Jolly's net worth when he signed the insurance application, but that statement does not constitute an admission that he never reviewed the application at all.

PHL also argues that, by signing the loan application saying that its contents were "full, complete, and true to [my] best knowledge and belief," Shapiro falsely stated that the Trust had knowledge of the extent of Jolly's assets. For support, PHL cites Georgia cases holding that a declaration made "to the best of my knowledge and belief" in an insurance application may be false when the applicant relies on information provided by someone with no knowledge of the truth of the matter represented, such as the insurer's agent, or when the applicant makes the declaration despite knowing that it is actually false. See White v. Am. Family Life Assurance Co., 643 S.E.2d 298, 300-301 (Ga. Ct. App. 2007); Jennings v. Life Ins. Co. of Ga., 441 S.E.2d 479, 480-81 (Ga. Ct. App. 1994); James, Hereford, & McClelland, Inc. v. Powell, 402 S.E.2d 348, 351 (Ga. Ct. App. 1991).[5]

However, none of these cases apply to the facts of this case because PHL has submitted no evidence that Shapiro failed to read the application or that Shapiro knew that Jolly's statements were false. Thus, Georgia law does not support PHL's contention here.

---

[5] We adopted a different interpretation of a "best of knowledge and belief" clause in insurance contracts in two other cases, however, neither of these cases were decided under Georgia law, which differs on this question. See Hauser v. Life Gen. Sec. Ins. Co., 56 F.3d 1330, 1333-34 (11th Cir. 1995) (applying federal common law with reference to Florida law); William Penn Life Ins. Co. v. Sands, 912 F.2d 1359, 1361 (11th Cir. 1990) (applying Florida law); see also 1 Harnett & Lesnick, The Law of Life and Health Insurance § 4.06 (Matthew Bender, Rev. Ed.) (noting divergence between Georgia's interpretation of "best of knowledge and belief" clauses and other courts' interpretations).

Even if the Trust made no misrepresentations, PHL nonetheless argues that it is equitably entitled to retain the policy premiums because the default judgment against Jolly established that the insurance policy was obtained by fraud. However, Georgia law provides no support for this proposition. Georgia law generally requires an insurer seeking to rescind an insurance contract to return any premiums paid under the contract, even where the insured person originally obtained the policy by fraud. See Weems v. Am. Nat'l Ins. Co., 29 S.E.2d 500, 502 (Ga. 1944); see also Ga. Code § 13-4-60; Corbitt v. Harris, 354 S.E.2d 637, 639 (Ga. Ct. App. 1987) ("[O]ne cannot in equity seek to rescind a contract . . . on the ground of fraud, and at the same time retain the benefits derived from that contract."), overruled on other grounds by 405 S.E.2d 474 (Ga. 1991).

Although there may be some exceptions to this general rule, none apply here. Although PHL has obtained a default judgment against Jolly on its fraud claim, its claims of negligent misrepresentation and conspiracy against the Trust have been dismissed. Accordingly, the Trust does not owe PHL anything, as the Trust did not commit any fraud or other wrong that harmed PHL. The district court did not err in denying PHL's equitable retention claim.

**AFFIRMED**